## THIRD TAXING DISTRICT OF THE CITY OF NORWALK *v.*
## MICHAEL LYONS ET AL.
### (12292)

LANDAU, SPEAR and CRETELLA, Js.

Argued June 1—decision released September 6, 1994

*Ridgely W. Brown,* with whom, on the brief, was *Benjamin E. Gershberg,* for the appellant (plaintiff).

*Richard A. Silver,* with whom, on the brief, were *Jonathan M. Levine* and *Mitchell J. Rosenfeld,* for the appellees (named defendant et al.).

CRETELLA, J. This is an appeal by the plaintiff from the trial court's granting of the defendants' motions to dismiss on the basis of the plaintiff's lack of standing. The plaintiff in this case is attempting to sue in the name of the third taxing district of the city of Norwalk (taxing district), a quasi-municipal corporation covering a defined geographical area within the city

of Norwalk the primary function of which is the operation of a public utility plant. The plaintiff consists of a group of electors who reside within the taxing district. The defendants are James Cunningham and Angelo Santella, both commissioners of the taxing district, William Lyons, Jr., a retired commissioner and general manager of the taxing district, and Michael Lyons, appointed counsel for the taxing district.[1]

On November 25, 1991, a group of electors who reside in the area served by the taxing district held a special meeting, which was continued on January 8, 1992, at which the plaintiff electors adopted eighteen resolutions to reform the management of the taxing district and its electrical utility. These reforms included the firing of the defendant Lyons as the attorney for the taxing district, the institution of a criminal investigation of the taxing district, the elimination of compensation for the district commissioners, and the hiring of another law firm to represent the district, as well as authorizing the lawsuit in question here. The commissioners refused to implement all of the reforms made by the plaintiff electors, claiming that the electors did not have the authority to adopt such resolutions. The plaintiff electors sought a declaratory judgment concerning their authority as electors of the taxing district. The trial court dismissed the action and this appeal followed.

The defendants Cunningham and Santella made a motion to dismiss for lack of subject matter jurisdiction on the ground that the individual electors bringing the lawsuit did not have standing. The defendants William and Michael Lyons made a similar motion. The trial court granted the motions to dismiss, holding that the relevant section of the charter of the city of Nor-

---

[1] Lorna Church, another commissioner of the taxing district, was also a defendant, but did not participate in this appeal.

walk did not give individual residents standing to sue the district's commissioners in the name of the taxing district. The court further held that as taxpayers of the taxing district, the plaintiff electors were essentially attempting to bring a "taxpayers' action," but had failed to complete the necessary step of alleging taxpayer status in the complaint.[2] The plaintiff's subsequent motion to reargue was denied by the trial court. This appeal followed.

The plaintiff does not contest the conclusion of the trial court that the plaintiff did not allege sufficient facts in its complaint to support a taxpayers' action. Rather, the plaintiff contests the trial court's conclusion that under the charter of the taxing district, the plaintiff electors did not have standing to bring suit in the name of the district against its commissioners, and that, based on the nature of the injury claimed by the plaintiff, this action was essentially a taxpayers' action.[3] We affirm the judgment of the trial court.

[2] The trial court made no findings regarding the actual identities of the individuals who were attempting to sue in the name of the taxing district. The complaint, however, does describe the plaintiff as "the electors of the body politic, the named plaintiff THIRD TAXING DISTRICT OF THE CITY OF NORWALK." Nowhere in the record is it suggested that the individuals attempting to sue in the name of the taxing district have any roles other than that of electors of the district. Thus, "[w]e will look to the plaintiffs' factual allegations which constitute judicial admissions to determine whether there is an adequate factual basis for the court's decision." *Stroiney* v. *Crescent Lake Tax District,* 205 Conn. 290, 296, 533 A.2d 208 (1987). Here, the plaintiff has characterized itself as being comprised of electors of the third taxing district, and we accept that as true for the purposes of this appeal.

[3] The defendants moved to rectify the record on appeal to include a proposed stipulation of the parties that "[t]he sole provision of the Charter of the Third Taxing District of the City of Norwalk upon which [the] plaintiff relies for its claim of authority to institute this action in the name of the Third Taxing District of the City of Norwalk is § 1-114 of the Charter." They alternatively requested that the judgment be modified along the same lines to reflect an alleged oral statement of the plaintiff's counsel. The motion to rectify was granted by the trial court without specifying which alternative was adopted. At the time the motion was granted, however,

The concept of standing concerns the legal right of an individual to seek relief via the judicial system. *Sadloski* v. *Manchester,* 228 Conn. 79, 84, 634 A.2d 888 (1993). Standing is neither a technical rule designed to frustrate aggrieved parties nor a test of substantive rights. Instead, the requirement that a party have standing ensures that courts and parties are not hindered by suits brought to vindicate nonjusticiable interests, and protects the rights of others from being affected by precedential judicial decisions that do not involve the individuals or entities with the most at stake and may not have been contested with the appropriate diligence and vigor. Id.; *Delio* v. *Earth Garden Florist, Inc.,* 28 Conn. App. 73, 78, 609 A.2d 1057 (1992). Generally, therefore, a party does not have standing to raise another person's rights. *Delio* v. *Earth Garden Florist, Inc.,* supra, 78. The absence of standing precludes the existence of a court's subject matter jurisdiction and requires dismissal of the claim. *Sadloski* v. *Manchester,* supra, 83.

Here, the plaintiff electors claim to be entitled to sue in the name of the taxing district. Normally, a party is held to have standing when he "makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity." *Maloney* v. *Pac,* 183 Conn. 313, 321, 439 A.2d 349 (1981). The appropriate focal point in this case is not whether the plaintiff electors have been aggrieved by the actions of the defendants, but in what capacity they allegedly have been aggrieved. If the plaintiff electors have made a colorable claim of direct injury suffered by them as individual electors of the taxing district, then that is the capacity in which they must sue, unless

the trial court was aware that the transcript of the oral argument in question had been lost. It has since come to our attention that the plaintiff's attorney never signed the written stipulation. We therefore decline to limit our consideration of the plaintiff's appeal solely to the provisions of § 1-114 of the charter.

permission has been otherwise given by statute to sue in the name of the district. If the plaintiff electors have made a colorable claim of direct injury suffered by them *as representatives of the taxing district,* which would thereby imply injury suffered by the district itself, then they would have to sue in that capacity. In order to decide if the plaintiff electors are representatives of the district, or, alternatively, whether, as electors, they are entitled by ordinance to sue on behalf of the district, we must examine the relevant language of the Norwalk city charter.

We begin by considering § 1-114 of the Norwalk city charter. That section provides in part: "All electors of this state dwelling within the territorial limits of the Third Taxing District as hereinbefore established are hereby constituted a body politic and corporate by the name of the Third Taxing District of the City of Norwalk, and by that name shall be capable of suing and being sued, pleading and being impleaded, purchasing, holding, selling, and conveying any property, real or personal, and of having a common seal, and as such corporation shall succeed to and possess all the property, both real and personal, of the East Norwalk Fire District of said Town of Norwalk, and all the rights, powers, franchises, privileges, and immunities heretofore granted to said East Norwalk Fire District . . . ." Norwalk Code, Charter § 1-114. Section 1-114 establishes the primary duty of the taxing district as being the operation and maintenance of its electric light works and those fixtures related to the supplying of electricity to the district.[4] Districts such as the taxing

---

[4] Taxation liability is provided for in § 1-115 of the charter of the city of Norwalk, which provides in pertinent part: "All the inhabitants and property within the limits of the Third Taxing District shall be liable to taxation to defray any burdens, expenses, and liabilities . . . as said taxing district may incur under the provisions of this act." Norwalk Code, Charter § 1-115.

district that serve public functions are characterized as quasi-municipal corporations and are governed by the laws applicable to municipal corporations. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, 179 Conn. 541, 547, 427 A.2d 822 (1980).[5]

The plaintiff contends that nothing in the charter specifically delegates the power to sue either the electors or the board of commissioners. While this may be true, the commissioners are empowered under § 1-122 of the Norwalk city charter "in all matters pertaining to the electric-light plant of said district to exercise all the authority and discharge all the duties that are granted to Electrical Commissioners by Chapter 122 of the General Statutes, except as said powers may be herein limited, and to care for and keep in repair all the property of said district, with power to lease or sell the same . . . and to exercise any additional powers that may, from time to time, be conferred upon them by said district." Norwalk Code, Charter § 1-122. The electors, on the other hand, elect the board of commissioners and a treasurer for the taxing district and, on the written petition of twenty-five electors, may call a special meeting of the electors. It is thus apparent that, although neither party is specifically allowed to sue,

---

[5] Citing *Richmond* v. *Norwich*, 96 Conn. 582, 115 A. 11 (1921), the plaintiff argues that the taxing district's primary function of managing an electric utility has long been recognized as a proprietary function, thus rendering the district analogous to a private corporation whose shareholders have the right to bring a derivative action against members of management in the name of the corporation. Although the operation of an electric utility is not a traditional governmental function, and is not expressly included within General Statutes § 7-326, the taxing district was nonetheless formed as a taxing district in the Norwalk city charter, and was designed to function in the manner of a more traditional quasi-municipal entity. In the absence of an express challenge to the power of a quasi-municipal corporation such as the taxing district to operate an electric utility, we will not question the quasi-municipal nature of the district, and thus are not inclined to treat it any differently than a fire or sewer district simply because its function is to operate electric light works.

the board of commissioners is the body intended to act on behalf of the electors and to represent the taxing district on a day-to-day basis.

Despite some ambiguity in § 1-114 of the Norwalk city charter, we conclude that the language does not contemplate that the electors of the taxing district are entitled to sue in the name of the district. Although some of the language of that section seems to imply that the electors of the district "are hereby constituted a body politic and corporate by the name of the Third Taxing District . . . and *by that name shall be capable of suing and being sued, pleading and being impleaded*, [and] purchasing, holding, selling and conveying any property . . . ."; (emphasis added) Norwalk Code, Charter § 1-114; a reading of the entire charter makes it clear that that provision was not intended to grant each individual elector the right to act on behalf of the taxing district.

If § 1-114 is construed to allow some of the electors to sue in the name of the taxing district, it would also mean that it must allow them to purchase or convey property in the name of the district. That power, however, was expressly granted to the commissioners in § 1-122 of the charter, thus impliedly excluding the electors from exercising it. *O'Meara* v. *Norwich*, 167 Conn. 579, 582, 356 A.2d 906 (1975). This suggests that § 1-114 was meant to provide the "body politic and corporate" itself, rather than the individual electors, with the right to act in the name of the taxing district regarding the powers listed therein.

Construing the charter to allow the plaintiff electors to sue in the name of the taxing district would conflict with both the remainder of the charter and common sense. The charter provides for the election of a board of commissioners who, similar to the elected officials in a municipality, are given the necessary powers and

responsibilities to manage the tax district. It is indisputable that one of the powers crucial to the operation of a municipal or quasi-municipal corporation is the power to sue or be sued on behalf of the corporation. The lack of such power would render the board of commissioners unable to authorize judicial proceedings to enforce contracts on behalf of the taxing district, a result clearly incompatible with the express power of the commissioners to lease, buy or sell property of the district.

Moreover, absent an unequivocal provision to the contrary, this power cannot be construed to be shared with the electors of the district. By definition, the electors act through their elected officials, the board of commissioners, when proceeding in the corporate name of the taxing district. Allowing individual electors to act in the name of the district not only would be confusing and chaotic, but would permit unelected individuals to sue in the name of the taxing district and nominally on behalf of the other members of the district who did not authorize the unelected individuals to speak or act for the corporation. We will not construe the charter of the city of Norwalk to provide for such a bizarre result.

The plaintiff also argues that construing the charter not to allow the plaintiff electors to commence suit on behalf of the district would effectively shield the defendants from liability for their allegedly improper acts. In fact, the plaintiff electors do have a remedy in this situation. As the trial court pointed out, the electors could have filed a taxpayers' suit against the defendant quasi-municipal officers. *Highgate Condominium Assn.* v. *Watertown Fire District,* 210 Conn. 6, 15, 553 A.2d 1126 (1989). The plaintiff electors admittedly failed to allege the existence of the two necessary conditions for such an action in their complaint; see id.; and thus cannot be held to have attempted this

form of relief. In light of the availability of a taxpayers' action in this instance, the plaintiff's argument that the defendants would be shielded from liability for their improper acts has little merit.

The plaintiff also claims that the trial court improperly dismissed its complaint pursuant to a motion to dismiss rather than requiring the filing of a motion to strike, which, if granted, would still have left the plaintiff with the opportunity to restate its complaint to supply sufficient allegations to support a taxpayers' suit. We disagree. Under the facts as pleaded in the complaint, the plaintiff electors claimed to be entitled to sue in the name of the taxing district. By their motions to dismiss, the defendants raised the issue of the lack of subject matter jurisdiction.

A motion to dismiss has previously been distinguished from a motion to strike in *Gurliacci* v. *Mayer,* 218 Conn. 531, 590 A.2d 914 (1991). A pleading that is legally insufficient on its face, but which would establish a cause of action if facts that may exist were properly pleaded, should be challenged by a motion to strike. Id., 544. In contrast, a motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court. In this case, the plaintiff attempted to sue on behalf of the taxing district of the city of Norwalk. We have determined above that the plaintiff electors, as a matter of law and fact, were not entitled to sue in the name of the district under the provisions of the Norwalk city charter. Their only available cause of action, a taxpayers' suit, would have been filed in their own names, not in the name of the taxing district. See *Highgate Condominium Assn.* v. *Watertown Fire District,* supra, 210 Conn. 6; *Alarm Appli-*

*cations Co.* v. *Simsbury Volunteer Fire Co.,* supra, 179
Conn. 541. The court properly granted the defendants'
motions to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.