[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ARTICULATION (No. 110)
A. FACTS:
The plaintiff, Mark J. Charbonneau, was employed by the defendant, United Grinding, Inc., from May 2, 1991 until his termination on September 7, 1993. Complaint ¶¶ 1-3. Plaintiff was diagnosed with conjunctive congestion in his right eye on August 30, 1993. Complaint ¶ 5. On August 30, 1993, plaintiff reported to work and advised the defendant's president, James Reardon, about his diagnosis. Complaint ¶ 6. On September 2, 1993, the plaintiff's condition spread to his left eye, he was examined the following day, and was diagnosed as having viral conjunctivitis. Complaint ¶¶ 7-8. Plaintiff returned to work on September 3, 1993 and informed Mr. Reardon, of his diagnosis, which was contagious. Complaint ¶¶ 9-10. Mr. Reardon told the plaintiff to go home until it was no longer contagious. Complaint ¶¶ 9-10. Plaintiff telephoned Mr. Reardon on September 6, 1993 and reported he was still suffering from his eye condition and Mr. Reardon advised him to return to work on the following day. Complaint ¶ 11. Upon arriving at work on September 7, 1993, the plaintiff was met by Mr. Reardon and Donna Reardon, Mr. Reardon's secretary, and was advised his employment was terminated because of his physical disability. Complaint ¶ 12. Plaintiff brought his wrongful termination claim before the Connecticut Human Rights Organization (CHRO), which was dismissed on December 16, 1994. Exhibit A. Plaintiff then commenced this action in superior court on June 26, 1995. The defendant filed its motion to dismiss (#104) on August 25, 1995, which was denied by the court on September 11, 1995. The defendant then filed a motion for articulation on September 25, 1995.
B. DISCUSSION:
CT Page 13122
"[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court."Third Taxing District v. Lyons, 35 Conn. App. 795, 803,647 A.2d 32 (1994).
The defendant states as grounds for its motion to dismiss in its memorandum in support that "[T]he plaintiff was required to exhaust his administrative remedies prior to bringing a claim before the court." The defendant alleges that the plaintiff claim is pursuant to General Statutes § 46a-60(a)(1)[1] which prohibits discriminatory employment practices. As a claim under § 46a-60, the plaintiff was obligated to exhaust his administrative remedies at the Connecticut Human Rights Organization (CHRO) before filing suit in superior court. Lastly, the defendant argues that the plaintiff failed to appeal the CHRO's dismissal or request a reconsideration, and thus superior court lacks subject matter jurisdiction until the plaintiff has exhausted the appeal or reconsideration process.
The plaintiff argues in his memorandum in opposition to the defendant's motion to dismiss that he did avail himself of his administrative remedies, until such a point that to continue would have been futile. The plaintiff alleges, once the administrative remedy is futile or inadequate, the plaintiff is excused from further pursuing the inadequate relief and may bring suit directly in superior court.
The general rule regarding the exhaustion doctrine was stated in O G Industries, Inc. v. Planning Zoning Commission. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter."O G Industries, Inc. v. Planning Zoning Commission, 232 Conn. 419,425 ___ A.2d ___ (1995); Housing Authority v. Papandrea,222 Conn. 414, 420, 610 A.2d 637 (1982); LaCroix v. Board ofEducation, 199 Conn. 70, 83-84, 505 A.2d 1233 (1986). "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's finding and conclusions." Concerned Citizens ofSterling v. Sterling, 204 Conn. 551, 557, 529 A.2d 666 (1987);Housing Authority v. Papandrea, supra 222 Conn. 420. "[W]hen a party has a statutory right of appeal from the decision of the CT Page 13123 administrative agency, he may not, instead of appealing, bring an independent action to test the very issues which the [administrative] appeal was designed to test." Pet v. Departmentof Health Services, 207 Conn. 346, 352, 542 A.2d 672 (1988).
The futility exception has been stated in Labbe v. PensionCommission, 229 Conn. 801, 643 A.2d 1268 (1994). In Labbe the supreme court stated: "we have `grudgingly carved several exceptions from the exhaustion doctrine . . . one where the administrative remedy is inadequate or futile.'" (Citation omitted). Id., 812. Also, in Cannata v. Department ofEnvironmental Protection, 215 Conn. 616, 628, 557 A.2d 1017
(1990) the court stated "[There are exceptions to the rule of exhaustion. . . . Among the exceptions is where recourse to the administrative remedy would be futile or inadequate." In Pet v.Department of Health Services, supra 207 Conn. 353, the court defined futile or inadequate stating: "An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief."
The plaintiff argues that his disability, viral conjunctivitis, does not fall under the statutory definition of physical disability[2] and although it is a disability, CHRO is, without the authority to grant him the relief requested. Plaintiff argues that after filing a complaint with CHRO and having his complaint dismissed, he was excused from further administrative proceedings.
"[B]ecause the exhaustion doctrine implicates subject matter jurisdiction, we must decide as a threshold matter whether that doctrine requires dismissal of the plaintiff['s] claim."Concerned Citizens of Sterling v. Sterling, supra 204 Conn. 556. "The determination of whether a statutory requirement implicates the subject matter jurisdiction of the court must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." Tolly v. Department of HumanResources, 225 Conn. 13, 29, 621 A.2d 719 (1993).
Although, as a general rule a plaintiff must exhaust administrative remedies, the plaintiff need not exhaust them if "the agency lacks authority to grant the requested relief."Payne v. Fairfield Hills Hospital, 215 Conn. 675, 680 n. 3,578 A.2d 1025 quoting from Cannata v. Department of EnvironmentalProtection, supra 215 Conn. 628. The general rule does not excuse the plaintiff from turning first to CHRO, which he did. By CT Page 13124 turning first to CHRO the plaintiff gave CHRO the opportunity to reinterpret § 46a-51(15), which it chose not to do.
In the court's opinion, the plaintiff's view is the correct one. The rational behind the exhaustion doctrine is to let the experience of the administrative agency have the first attempt at resolving these claims. After the plaintiff has made a good faith effort at the administrative process, as the plaintiff did here, then it is up to the court to provide an avenue for the relief the administrative agency is unable to award. In the case at hand, after the plaintiff's complaint was dismissed by CHRO, any further appeal or reconsideration would have been futile. The plaintiff's good faith attempt at the administrative process does not leave him without relief.
In Seebeck v. McLaughlin Research Corp., Superior Court, Judicial District of New London at New London, Docket No. 530884 (February 16, 1995, Hendel, J.), Judge Hendel held:
 The doctrine of exhaustion of administrative remedies is inapplicable to the present case because the plaintiff's claim for punitive damages is unavailable through CHRO. Consequently, the administrative remedies are inadequate as a matter of law . . .
Seebeck v. McLaughlin Research Corp. 
It is decided that the plaintiff is placed in a position similar to the plaintiff in Seebeck, supra, where CHRO was unable to provide the requested relief due to statutory limitation on its authority to grant relief. Accordingly, the plaintiff is excused from further administrative proceedings. All further administrative proceedings would have been either futile or inadequate, and thus, the plaintiff has proven an exception to the exhaustion doctrine. It is therefore determined that, the superior court has subject matter jurisdiction over this claim.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion to dismiss both counts one and two, ought to be and is hereby denied.
It is so ordered, CT Page 13125
ARENA, J.