[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (No. 102)
A. FACTS:
The decedent, Eugenie Kemmling, died on December 4, 1992. On March 4, 1992, the defendant Leopold Kemmling, was appointed by the probate court for the district of Berlin to act as executor of the estate of the decedent. On March 13, 1992, the defendant caused notice of the decedent's death to be published in The Herald, pursuant to § 45a-354. The defendant alleges the plaintiffs's failed to present a claim against the estate within 150 days of the appointment of the fiduciary as required by § 45a-356.
The plaintiffs, Walter and Josephine Kirk, allege that they provided notice to the defendant executor on several occasions within the statutory period. This claim was presented to the probate court by way of a petition of August 28, 1995 before Judge Clebowicz. Judge Clebowicz denied the plaintiffs' petition and issued a written opinion stating "[the claim] is dismissed for not being filed in a timely manner as required by statute." Thereafter the plaintiffs' filed a motion to re-open dated November 6, 1995. This petition was also denied by Judge Clebowicz on December 1, 1995 with the following language: "There is no statutory authority enabling the Probate Court to reopen and to extend a claim period." This appeal followed pursuant to § 45-288.
B. DISCUSSION:
"[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court." Third Taxing District v. Lyons, 35 Conn. App. 795,803, 647 A.2d 32 (1994). CT Page 4109-F
The defendant has filed the pending motion to dismiss this action on the ground that neither § 45a-356 nor § 45a-357
confer on the Probate Court, and thus, the Superior Court, the authority to extend § 45a-356's statute of limitations for making a claim against an estate. The plaintiffs allege they have provide notice of the alleged debt on several occasions to the defendant, prior to the running of the statute of limitations.
It is determined that this claim has been fully and fairly presented to probate Judge Clebowicz in the plaintiffs' original petition and in the motion to reopen. Judge Clebowicz denied the plaintiffs' claim on both occasions, claiming a lack of statutory authority. The plaintiff had the opportunity to present all of its evidence before the probate court and this court will not look beyond Judge Clebowicz's decision. Where the Probate Court lacks jurisdiction, so does the Superior Court on appeal. Gardner v. Balboni, 218 Conn. 220, 225,588 A.2d 634 (1991) "An appeal from probate is not so much an `appeal' as a trial de novo with the Superior Court sitting as a Probate Court and restricted by a Probate Court's jurisdictional limitations.").
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion to dismiss, ought to be and is hereby granted.
It is so ordered,
SALVATOR F. ARENA JUDGE, SUPERIOR COURT.