[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Town of Redding (Town) instituted this proceeding against the defendants, the Connecticut Siting Council (Council), Springwich Cellular Limited Partnership (Springwich Cellular), the Connecticut Department of Public Safety, Division of State Police (State Police) and Robert J. Kaufman, seeking declaratory and injunctive relief arising from Springwich Cellular's desire to erect a telecommunications facility in Redding, Connecticut, on property owned by Kaufman.
Springwich Cellular applied to the Council in February, 1995, for a Certificate of Environmental Compatibility and Public Need (certificate) in order to construct and maintain the facility, and on August 9, 1995, the Council issued the certificate. The Town challenged the granting of the certificate by commencing an administrative appeal in the judicial district of Hartford in September, 1995, but the appeal was dismissed by the court (Maloney, J.) for failure to properly serve the defendant Council.
In December, 1995, the Town commenced this action, asserting that the Council's decision to grant the certificate is unconstitutional in the following ways: (1) as part of its written decision to grant the certificate, the Council purported to authorize the construction of an access road on the property, which exceeds the powers granted to it by § 16-50 et seq. of the General Statutes; (2) Springwich Cellular's application and the public notice of the application were incomplete in that neither identified the access road; (3) the public notice of the public hearing was incomplete in that it did not identify or describe the access road; and (4) the Council was without authority to authorize the construction of the access road since such construction would violate the Town of Redding's land use, planning and inland-wetland regulations. The Town of Redding seeks a declaratory judgment that the Council's approval of Springwich Cellular's application was unconstitutional and CT Page 8667 further seeks an injunction barring the defendants from implementing the approval of the application.
The Council and the State Police have filed separate motions to dismiss, each asserting that the court lacks subject matter jurisdiction over this action because the Town has failed to exhaust its administrative remedies. The defendants note that the Town raised the same issues in the administrative appeal as it does in the present action, i.e., that the Council's granting of the application was unconstitutional and in excess of its statutory authority. In response, the Town argues that this action is distinct from the administrative appeal it previously pursued because in this case, it does not challenge the authority of the Council to regulate the location and type of telecommunications tower that may be erected; rather, it is challenging the Council's authority to approve the construction of an access road without the appropriate planning and environmental considerations. The Town notes that it is seeking a declaratory judgment that its land use regulations are applicable to an access road.
"[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court."Third Taxing District v. Lyons, 35 Conn. App. 795, 803,647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994). "A party may not institute an action in the Superior Court without first exhausting available administrative remedies. If the applicable administrative remedies are not exhausted, the trial court does not have subject matter jurisdiction . . . . The doctrine of exhaustion discourages piecemeal appeals from the decisions of administrative agencies thus fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." (Citations omitted; internal quotation marks omitted.) Gemmell v. New Haven, 32 Conn. App. 280, 283. "Exhaustion is required even in cases where the agency's jurisdiction over the proposed activity has been challenged." O G Industries, Inc. v. Planning Zoning Commission,232 Conn. 419, 425. Moreover, "when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issues which the appeal was designed to test." (Citations omitted; internal quotation marks omitted.) Pet v. Department ofCT Page 8668Health Services, 207 Conn. 346, 352, 542 A.2d 672 (1988).
It appears quite obvious to this court that the Town is essentially seeking to do what it attempted to do in its failed administrative appeal; that is, to have the Council's issuance of the certificate declared an unconstitutional use of its powers. An examination of the complaint in the administrative appeal and the complaint in the instant action reveals that the two actions are essentially identical, notwithstanding the Town's protestations to the contrary. Though there are exceptions to the exhaustion requirement, the Town does not claim to fit into any of them; it merely contends that the doctrine of exhaustion is not applicable to this action since it is distinct from an administrative appeal.
As noted above, the Town attempted to challenge the Council's actions in an administrative appeal, but that appeal was dismissed due to the failure by the Town to properly serve the Council. This does not, however, relieve the Town of its duty to exhaust the administrative remedies available to it. Significantly, in a related proceeding brought by a citizens' group known as "NOT," the Hartford Superior Court (O'Neill, STR.) dismissed a declaratory judgment action because the plaintiffs had failed to exhaust their administrative remedies. NeighborsOpposed to the Tower v. Connecticut Siting Council, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 557602 (June 18, 1996, O'Neill, J.). The court held that dismissal of the plaintiffs' prior administrative appeal — the same administrative appeal to which the Town of Redding was a party — for failure to properly serve the Council did not excuse the plaintiffs from exhausting their administrative remedies, noting that all the plaintiffs' claims could have been fully adjudicated in an administrative appeal.
In short, the Town is seeking, by way of a declaratory judgment action, to do what it should have done in the failed administrative appeal; that is, challenge the legality of the Council's decision to issue a certificate to Springwich Cellular to construct a telecommunications tower. To reiterate, since the Town had available to it the remedy of an administrative appeal, it may not "bring an independent action to test the very issues which the appeal was designed to test." Pet v. Department ofHealth Services, supra. The defendants' motions to dismiss this action for lack of subject matter jurisdiction are, accordingly, granted. CT Page 8669
Moraghan J.