[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On August 26, 1996, the plaintiff, Dominic Furco, commenced this action in the Small Claims Session of the Superior Court against the defendant, Professional Pensions, Inc. (PPI). The plaintiff alleges the following. He is a retired employee of the Community Health Care Plan (CHCP), a health maintenance organization owned by Blue Cross, and was a beneficiary under two employee pension benefit plans. Under a service agreement with CHCP, the defendant provided certain services for CHCP. CHCP was dissolved by Blue Cross on February 26, 1996. On May 6, 1996, the plaintiff requested a final distribution of his benefits under the plans. He claims that PPI owes him $1115 in interest due to its alleged 31 day delay in distributing his benefits.
Upon the defendant's motion filed on October 17, 1996, the case was transferred from Small Claims to the regular docket pursuant to Practice Book § 572. On October 30, 1996, the defendant filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction. PPI also submitted copies of the pension plans at issue. On November 22, 1996, Furco filed an CT Page 796 objection to the motion to dismiss. At short calendar, Furco submitted a copy of the service agreement executed by Community Health Care Plan and the defendant. The parties do not dispute that the benefit plans at issue are Employee Retirement Income Security Act (ERISA) plans."A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court" (Emphasis in the original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991); Third Taxing District v.Lyons, 35 Conn. App. 795, 803, 647 A.2d 32, cert. denied231 Conn. 939 650 A.2d 173 (1994). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). In its memorandum of law in support of its motion to dismiss, the defendant argues that if the plaintiff believes that his distribution was delayed, he should have followed the claims review procedure provided for in the plans. The defendant also contends that it is not liable because it is "not the plan as an entity", nor an administrator or trustee of the plans. Finally, the defendant argues that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq. preempts both state common law and statutory law, thus depriving this court of subject matter jurisdiction. In opposition, the plaintiff argues that the defendant treated him unfairly and delayed distribution of his benefits in violation of the service contract CHCP had with the defendant and despite verbal assurances that his plan benefits would be distributed by May 20, 1996.
The court notes that in the CHCP — PPI contract, the defendant agrees to provide, inter alia, the following service, "[a]rrange for benefit distribution(s) upon receipt from the Client specifying the form and amount of the benefit to be paid pursuant to the Plan and the party to whom the benefit is to be paid." Plaintiff's Exhibit 1, Agency and Administrative Services Agreement, Appendix B, para. 9. Because the defendant's manner of distribution is governed by the provisions in the employee benefit plans, the dispositive issue is whether the plaintiff's breach of contract claim is preempted by ERISA.
ERISA comprehensively regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death. § 3(1), 29 U.S.C. § 1002 (1). CT Page 797
Congress provided three provisions relating to the pre-emptive effect of the ERISA legislation: "Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to j any employee benefit plan. . . ." § 514(a), as set forth in 29 U.S.C. § 1144 (a) (pre-emption clause).
"Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." § 514(b)(2)(A), as set forth in 29 U.S.C. § 1144 (b)(2)(A) (saving clause).
"Neither an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." § 514(b)(2)(B), 29 U.S.C. § 1144
(b)(2)(B) (deemer clause).
To summarize the above quoted provisions, if a state law "relate[s] to . . . employee benefit plan[s], "it is pre-empted. § 514(a). The saving clause excepts from the pre-emption clause laws that "regulat[e] insurance." § 514(b)(2)(A). The deemer clause maintains that a state law that "purport[s] to regulate insurance" cannot deem an employee benefit plan to be an insurance company. § 514(b)(2)(B).
"[T]he question whether a certain state action is pre-empted by federal law is one of congressional intent. The purpose of Congress is the ultimate touchstone." (Citations omitted; internal quotation marks omitted.) Allis-Chalmers Corp. v. Lueck,471 U.S. 202, 208, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)). "We have observed in the past that the express pre-emption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." (Citations omitted; internal quotation marks omitted.) Pilot LifeIns. co. v. Dedeaux, 481 U.S. 41, 45-6, 107 S.Ct. 1549,95 L.Ed.2d 41 (1987). CT Page 798
ERISA contains its own civil enforcement scheme, 29 U.S.C. § 1132(a), and the state laws that have been ruled preempted are those "that provide an alternative cause of action to employees to collect benefits protected by ERISA. . . ." Fischmanv. Blue Cross Blue Shield of Connecticut, 755 F. Sup. 528, 530 (D. Conn. 1990). In Pilot Life Ins. Co. v. Dedeaux, supra, 481 U.S. 47, the Supreme Court held that ERISA preempted the plaintiff's common law tort and contract actions. See also Ruble v. UNAM LifeIns. Co. of America, 913 F.2d 295 (6th Cir. 1990) (common law right to sue for breach of contract is preempted).
In the present case, the plaintiff alleges breach of contract due to the defendant's alleged delay in the distribution of his benefits under his ERISA plans. Because ERISA preempts common law contract actions brought in state court, the court grants the defendant's motion to dismiss finding that it lacks jurisdiction to hear this claim, but does not render a decision on the merits of the plaintiff's claim.
FLYNN, J.