[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY MANDAMUS
Before the court is an application for temporary mandamus filed by the plaintiff, Melanie Kalako, to direct the defendants, John O'Toole and Esther Rozum, to certify for re-election only those positions of the Board of Finance which are held by persons who have not served out their duly elected terms.[1] In opposition, the defendants filed a motion to dismiss on the ground that a writ of mandamus is not a proper remedy in this case.
On July 8, 1997, the plaintiff filed a complaint and an application for temporary order of mandamus.[2] The plaintiff alleges the following. On November 2, 1993, the voters of the Town of Seymour elected the plaintiff to a six year term as a CT Page 7169 member of the Board of Finance. On May 5, 1997, defendant Esther Rozum, the Town Clerk, at the direction of defendant John O'Toole, First Selectman, sent a letter to the Secretary of State, certifying a list of offices to be filled by election on November 4, 1997. The effect of the letter was that the plaintiff would now be required to stand election after serving four of her six year term. The plaintiff seeks a writ of mandamus to direct the defendants to recertify for election on November 4, 1997, only those positions on the Board of Finance which are held by individuals who have not duly served out their elected terms.
On July 21, 1997, the court heard oral argument and the defendants filed a motion to dismiss.
At the outset, the court notes that the motion to dismiss is not the proper vehicle by which to challenge the legal sufficiency of the plaintiff's prayer for relief. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in the original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991); Third Taxing District v. Lyons, 35 Conn. App. 795, 803,647 A.2d 32, cert. denied, 231 Conn. 939, 650 A.2d 173 (1994). Here, the defendants are not challenging the jurisdiction of the court.
The proper procedural vehicle is a motion to strike. A party should file a motion to strike "[w]henever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any such complaint, counterclaim, or cross-complaint. . . ." Practice Book § 152. In the interests of judicial economy, the court will treat the defendants' motion to dismiss as a motion to strike.
The next issue before the court is whether a mandamus is the proper remedy. "Mandamus, a cause of action with deep roots in the American legal tradition, is the proper remedy for reinstatement of a public officer who, despite a clear legal right to remain in office, has been wrongfully ousted from that position. . . . It bears emphasis, however, that [t]he writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits. . . . Furthermore, [m]andamus neither gives nor defines rights which one does not already have. It CT Page 7170 enforces, it commands, performance of a duty. It acts at the instance of one having a complete and immediate legal right; it cannot and it does not act upon a doubtful or a contested right. . . ." (Citations omitted; internal quotation marks omitted.) Hennessey v. Bridgeport, 213 Conn. 656, 658-9,569 A.2d 1122 (1990). In contrast, "[a] quo warranto proceeding under the common law lies only to test the defendant's right to hold office de jure. . . . In a quo warranto proceeding, the burden is upon the defendant to show a complete title to the office in dispute. . . ." DeGuzis v. Jandreau, 27 Conn. App. 421, 424,606 A.2d 52 (1992). In the present case, the plaintiff is seeking to remain in office in order to fulfill her elected term of six years. Therefore, the mandamus, not quo warranto, is the proper remedy.
However, a party seeking a writ of mandamus must establish: "(1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law. . . . Even satisfaction of this demanding test does not, however, automatically compel issuance of the requested writ of mandamus. . . . In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity. . . . In the exercise of that discretion, special caution is warranted where the use of public funds is involved and a burden may be unlawfully placed on the taxpayers. . . ."Hennessey v. Bridgeport, supra, 213 Conn. 656, 659-60.
The plaintiff cites § 2.3 of the 1995 Seymour Town Charter in support of her position that she is entitled to serve her unexpired term and that the defendants have wrongfully certified her position for election in November. § 2.3 provides "[t]he persons presently serving on any elected board shall continue to serve the unexpired portion of their terms until their successors are duly elected and qualified — for their terms and in the manner prescribed in this Charter. In the event this Charter provides for the appointment of any board, commission or committee and such body was previously elected, any incumbent persons on the effective date of this Charter, shall complete the terms for which they were elected but their successors, if any, shall be appointed as herein provided.
The plaintiff also cites § 3.7 of the 1995 Seymour Town Charter, which provides that "[t]he First Selectman, Board of CT Page 7171 Selectman and all other elected boards and officials shall take office on the first (1st) Monday of December of the year in which they are elected unless a different procedure is required by the Connecticut General Statutes. All incumbent officers, boards and commission members shall continue to hold office to which they were elected or appointed for the term which they were elected or appointed and until their successors hereunder have been elected or appointed and are qualified to succeed them."
In opposition, the defendants counter that these sections provide that those officers who are elected shall serve their terms until their successors have been duly elected under the Charter, and that these sections must be read together with § 2.3(a), which provides that "[t]he seven (7) members of the Board of Finance shall be elected for four (4) year terms in accordance with the following procedure. (1) Three (3) members elected for a four (4) year term in 1995. (2) Four (4) members elected for a four (4) year term in 1997. (3) Three (3) alternates shall be elected for a two (2) year term in 1995."
They also argue that § 2.3, entitled "[t]ransition on elected boards," is not a mandate that all elected officers shall continue to serve their unexpired terms, but is only applicable when elected positions are subsequently filled by appointment. Additionally the language of § 3.7 reenforces this view because it qualifies the phrase "shall continue to hold office to which they were elected or appointed for the term which they were elected or appointed" by the phrase "until their successors hereunder have been elected or appointed. . . ."
The court agrees with the defendants' interpretation because the language in § 2.3 cited by the plaintiff makes a distinction between "appointed" and "elected." Additionally the defendants' interpretation harmonizes § 2.3, subsection 2.3 (a) and § 3.7 of the 1995 Seymour Town Charter.
The plaintiff's second argument is that the requirement that the plaintiff stand for election violates the prohibition against ex post facto laws. In opposition, the defendants argues, and the court agrees, that prohibitions against ex post facto laws apply only to criminal laws.
"We have long held that an act ex post facto relates to crimes only; it is emphatically the making of an innocent action criminal. . . ." Abed v. Commissioner of Correction, 43 Conn. App. 176, CT Page 7172 182, 682 A.2d 558, cert. denied, 239 Conn. 937,684 A.2d 707 (1996). Obviously, there is nothing in § 2.3, subsection 2.3(a) and § 3.7 of the 1995 Seymour Town Charter that attempts to criminalize an otherwise lawful act.
The plaintiff's third argument is that running for election in 1997 would impose a burden prohibited by General Statutes § 55-3.
In the court's view, this last argument does not have any merit. General Statutes § 55-3 provides "[n]o provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect." In the present case, the 1995 Seymour Town Charter is at issue, not a statute of the state.
In applying the three-part test outlined in Hennessey v.Bridgeport, supra, 213 Conn. 659, the first element that the plaintiff must establish is whether the Charter provisions amending the Board of Finance terms are impermissible and deprive the plaintiff of her legal right to complete her six year term. The Charter was amended on November 8, 1994, and implemented on January 1, 1995. There is no dispute that the amendments were approved at the regular election held on November 8, 1994 and in accordance with General Statutes § 7-187 et. seq. Thus, the court concludes that the plaintiff has not established a clear legal right to remain in office for six years.
Secondly, the plaintiff must next establish that the defendants were performing a ministerial act when they completed the certification to the Secretary of State. "[A] municipal employee [however,] has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. . . ." Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989). In the present case, the list of offices to be filled in the November election must be sent to the Secretary of State pursuant to General Statutes § 9-254[3]. Thus while such certification is aptly characterized as `ministerial,' the defendants did not misperform their duty. Because the plaintiff has failed to establish that she has a clear legal right to remain in office for six years, she cannot prevail in her claim CT Page 7173 that the offices to be filled were incorrectly certified.
The last element of the test, whether there is an adequate remedy does not merit discussion because the court has determined that the plaintiff has failed to establish that she has a clear legal right to remain in office for six years.
In conclusion, the plaintiff has failed to meet the three-prong test required for a court to issue a mandamus. For the reasons stated above, the defendants' motion to dismiss is denied. However, since the plaintiff has failed to prove a clear legal right to the performance of the duty in issue on the part of the defendants, the application for a temporary mandamus is denied.
THOMPSON, J.