[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FORRECONSIDERATION OF MOTION TO DISMISS (DOCKET ENTRY NO. 108)
The plaintiff, Leach Family Holdings, Inc. (LFH), filed a seven-count complaint against the defendants, Raymark Industries, Inc. (Raymark), James F. Cobb (Cobb), R.E. Laukhuff (Laukhuff) and Craig Smith (Smith), on July 17, 1997.[1] LFH alleges that it entered into a purchase and sales agreement with Raymark concerning a parcel of real property located in Stratford CT Page 12971 on October 19, 1994. Cobb is alleged to be the president of Raymark, and Laukhuff was the trustee of the "Stratford Trust" at relevant times.[2] After six amendments to the parties' agreement, and after it made scheduled payments on the property, LFH alleges that Raymark has failed to perform under the agreement, causing LFH various injuries.
On August 28, 1997, Cobb and Laukhuff filed a motion to dismiss on the ground that the court lacks personal jurisdiction over them. LFH filed an opposition memorandum on September 11, 1997.[3]
A motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court. ThirdTaxing District of Norwalk v. Lyons, 35 Conn. App. 795, 803,647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994). A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. Malasky v. Metal Products Corp. ,44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied,241 Conn. 906, 693 A.2d 293 (1997). A ruling on a motion to dismiss is neither a ruling on the merits of the action nor a test of whether the complaint states a cause of action. Motions to dismiss are granted solely on jurisdictional grounds. Id., 452.
When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. If the statutory requirements are met, the second part of the inquiry is to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. Knipple v.Viking Communications, 236 Conn. 602, 606, 674 A.2d 426 (1996). If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction. Id., 607.
Connecticut courts may assert personal jurisdiction over a nonresident defendant under General Statutes § 52-59b(a)(1)[4]
as long as that defendant transacts business within the state. The term `transacts any business' has been construed to embrace a single purposeful business transaction. (Internal quotation marks CT Page 12972 omitted. Gaudio v. Gaudio, 23 Conn. App. 287, 298, 580 A.2d 1212
(1990). In determining whether the defendants' contacts constitute the transaction of business within the state, the court does not apply a rigid formula but balances considerations of public policy, common sense, and the chronology and geography of the relevant factors. Id.
Cobb and Laukhuff argue that they have insufficient contacts with Connecticut to support the court's exercise of personal jurisdiction over them. They both argue that LFH's sole basis for asserting that the court has personal jurisdiction over them is their relationship to Raymark and the Stratford Trust. Cobb and Laukhuff argue that there is no personal jurisdiction over nonresident officers of a corporation where their contact with the state was limited to their capacity as corporate officers. Cobb and Laukhuff argue that because LFH has failed to allege facts indicating that they, as individuals, have sufficient contacts with Connecticut, the court may not exercise personal jurisdiction over them. In addition, Cobb and Laukhuff argue that under due process analysis, neither have sufficient minimum contacts with Connecticut to support personal jurisdiction.
LFH argues that Cobb and Laukhuff may not use the long-arm statute as a shield to prevent the court from asserting personal jurisdiction over them despite the fact that they have conducted extensive business in Connecticut. LFH also argues that both defendants have owned real property in Connecticut, and so the court may exercise personal jurisdiction over each through General Statutes § 52-59b(a)(4).[5] LFH further argues that it has not been established that Cobb and Laukhuff were acting as corporate agents. Finally, LFH argues that the court has jurisdiction over the defendants through the minimum contacts test of the due process clause.
The general rule is that there is no personal jurisdiction over nonresident officers of a corporation where their contact with the state was only in their capacity as a corporate officer.Charles Town Associated Limited. Partnership v. Dolente, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 069233 (May 1, 1996) (Pickett, J.). This is true even where the corporation has its principal place of business within the state.Id. See also Hagar v. Zaidman, 797 F. Sup. 132, 137 (D.C. Conn. 1990) (General Statutes § 52-59b(a)(1) did not confer jurisdiction over individual president of the corporation where the president of the corporation transacted business in CT Page 12973 Connecticut only on behalf of the corporation). The same test was used in Basta v. Today's Adoption, Superior Court, judicial district of Waterbury, Docket No. 119321 (July 25, 1995) (Sullivan, J.), where the court held that
 "In order to confer jurisdiction over the individual defendants under subsection (a)(1), the plaintiffs must show that the individual defendants, `in person or through an agent, transacted any business within the state.' General Statutes § 52-59b. The plaintiff failed to offer any evidence indicating that the individual defendants conducted any business in Connecticut on their own behalf. The evidence submitted in support of and in opposition to the present motion indicates that all the activities performed by the individual defendants were performed on behalf of the corporate defendant . . . . The plaintiffs offered no evidence indicating that the individual defendants personally transacted any business in Connecticut, or had individuals transact business in Connecticut on their behalf."
Id.
The superior courts have been consistent in this approach to corporate defendants. For example, the court in Tek-Motive, Inc.v. AFB, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 349298 (November 12, 1993) (Zoarski, J.), held that when examining [the corporate officer's] activities, the court must look to his personal contacts with the state of Connecticut and not to the contacts made on behalf of any corporate entity of which he was an officer or controlling shareholder and in N.E. Contract Packers v. Beverage Services, [Superior Court, judicial district of Waterbury, Docket No. 100039] (June 18, 1992) (Gaffney, J.) (6 CONN. L. RPTR. 582, 7 CSCR 828, 829), where the defendant's visits to Connecticut were in his capacity as a corporate officer and for the purpose of negotiating an agreement between his company and the plaintiff, the court held that in personam jurisdiction over a corporate director does not stem from jurisdiction over the corporation but rather from the director's own personal contacts with the forum state. Id. See also Corporation for IndependentLiving v. Charter Oak Associates, Superior Court, judicial district of Tolland at Rockville, Docket No. 048503 (April 10, 1992) (Sferrazza, J.) (construing § 52-59b(a)(1) to require proof that a non-resident transacted business in Connecticut in an individual capacity and not merely on behalf of a corporate employer). CT Page 12974
From the affidavits submitted by the parties, the following facts can be found. On behalf of the plaintiff, James H. Leach, president of LFH, asserts that Cobb resided in Connecticut at relevant times to this suit, and that Cobb conducted and participated in literally dozens of meetings and telephone conferences while he was in and outside of Connecticut. (Leach Affidavit, ¶¶ 4, 8). Cobb, as president of Raymark, maintained an office in Connecticut. (Leach Affidavit, ¶¶ 6, 8). After Cobb moved out of Connecticut, James Leach continued to have conversations with Cobb, who also sent correspondences into Connecticut. (Leach Affidavit, ¶¶ 11, 12). Even after moving from Connecticut, Cobb attended several meetings in Connecticut. (Leach Affidavit, ¶¶ 13). In his own affidavit, Cobb asserts that Raymark has engaged in business in Connecticut, and that he has assisted Raymark in the conduct of this business in his capacity as president of Raymark. (Cobb Affidavit, ¶ 6). Cobb further asserts that since 1978, he has not engaged in business in the Connecticut other than in his official capacity as an employee of Raymark. (Cobb Affidavit, ¶ 7).
It is clear from these facts that LFH has failed to sustain its burden of demonstrating that the court has personal jurisdiction over Cobb under § 52-59b(a)(1), because no evidence has been presented that Cobb transacted personal business as distinguished from business in furtherance of Raymark's goals. Although James Leach asserts that the fourth and seventh counts of the complaint are directed against Cobb in his individual capacity, no facts have been presented showing that Cobb acted on his own behalf, as distinguished from that of an officer of Raymark.[6] Indeed, all the counts of the complaint refer to "defendants," without drawing any distinction between Raymark, Cobb, Laukhuff or Smith.
LFH alleges that the "Stratford Trust was established by Raymark and Laukhuff on or about August 6, 1996, and on August 19, 1996, Raymark purported to transfer ownership of the Raymark facility to Laukhuff by quitclaim deed." (Complaint, 6). James Leach asserts that Laukhuff, as trustee, was the legal owner of the property located in Stratford. (Leach Affidavit, ¶¶ 15-16). In addition, James Leach asserts that he had several telephone conversations with Laukhuff while James Leach was in Connecticut, and that he and Laukhuff exchanged correspondences while James Leach was in Connecticut. (Leach Affidavit, ¶¶ 17-18). In his own affidavit, Laukhuff asserts that he engaged in business in Connecticut in his official capacity as trustee of the Stratford Trust, and that he has never engaged in business in Connecticut CT Page 12975 except in such capacity. (Laukhuff Affidavit, ¶¶ 5, 6). Laukhuff further asserts that he has been a resident of Pennsylvania for forty-eight years, and has no other contacts with Connecticut than his trusteeship of the Stratford Trust. (Laukhuff Affidavit, ¶¶ 3, 7, 8).
Again, the plaintiff has failed to show that Laukhuff was acting outside of his capacity as a corporate agent. It is incumbent on LFH to show that Laukhuff transacted business in Connecticut in an individual capacity and not merely on behalf of a corporate employer. LFH has failed to meet this burden.
Inasmuch as the court concludes that the statutory requirements were not met, it is not necessary for the court to decide whether the exercise of jurisdiction over Cobb and Laukhuff violated constitutional principles of due process. Rosenblit v. Danaher,206 Conn. 125, 142, 537 A.2d 145 (1988). See also United StatesTrust Co. v. Bohart, 197 Conn. 34, 39, 495 A.2d 1034 (1985) (only if personal jurisdiction has attached under state law does the court reach the constitutional due process question); LombardBrothers, Inc. v. General Asset Management Co., 190 Conn. 245, 250,460 A.2d 481 (1983) (only if the court finds the long-arm statute to be applicable does it reach the question whether it would offend due process to assert jurisdiction).
For all of the foregoing reasons, this court concludes that it may not exercise personal jurisdiction over Cobb or Laukhuff under General Statutes §§ 52-59b(a)(1) or 52-59b(a)(4).
Accordingly, the defendants' motion to dismiss as to Cobb and Laukhuff is hereby granted.
MELVILLE, J.