[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The plaintiff, the Stop Shop Supermarket Company (Stop Shop), filed a complaint on May 22, 1998. The plaintiff alleged in a single count that the defendant, James Caporizo, maliciously pursued a mandamus action and a zoning appeal in order to prevent the plaintiff from developing a "superstore" at the Ridgeway Shopping Center in Stamford.
Stamford Ridgeway Associates, a limited partnership, owns Ridgeway Shopping Center. The plaintiff Stop Shop is not only a tenant of the shopping center, but it is also a partner in Stamford Ridgeway Associates. The defendant's property is located across the street from the shopping center. On October 3, 1994, the Stamford Zoning Board of Appeals (SZBA) approved Stamford Ridgeway's application for a change of the zoning designation of the district in which the shopping center is located. The change in zoning designation would allow Stop Shop to build a larger "superstore" in the Ridgeway Shopping Center. The defendant filed an appeal and a separate mandamus action against the SZBA in the Superior Court in 1996, challenging the SZBA's approval of Stamford Ridgeway's application. The defendant did not sue Stamford Ridgeway or Shop Shop. Stamford Ridgeway later became a party defendant in the appeal on its own motion. Stop Shop did not intervene in the appeal. The appeal was dismissed in 1997 and the defendant withdrew the separate mandamus action that same year.
The plaintiff filed its complaint in 1998 alleging vexatious litigation as the sole cause of action. The plaintiff requests money damages, including compensatory, treble and punitive CT Page 12949 damages pursuant to General Statutes § 52-568. The defendant filed a motion to dismiss the plaintiff's complaint on June 30, 1998 on the ground that the plaintiff lacks standing to bring the action for the alleged harm to Stamford Ridgeway Associates, L.P., of which it is a partner.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original, internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991); Third Taxing District v. Lyons, 35 Conn. App. 795,803, 647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994).
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). "Standing . . . implicates a court's subject matter jurisdiction, which may be raised at any point in the proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996). "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the controversy." Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552-53, 698 A.2d 245
(1998). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990).
The defendant argues that the plaintiff cannot bring an individual suit against him. The defendant claims that the plaintiff can bring only a derivative suit because it is a partner of Stamford Ridgeway Associates, L.P. and Stop Shop must sue in the name of the partnership.
The plaintiff argues that it suffered individual harms, such as lost profits and attorneys' fees that the partnership did not. Therefore, the plaintiff contends that it can maintain an individual action against the defendant without suing in the name of the partnership.
The parties dispute what position the plaintiff holds in Stamford Ridgeway Associates, L.P. Anthony Colavolpe, the CT Page 12950 vice-president of real estate for Stop Shop, stated in both of his affidavits that Stop Shop is a general partner in Stamford Ridgeway. The defendant contends that the plaintiff is not a general partner. The defendant submitted a copy of Stamford Ridgeway's certificate of limited partnership which contained no listing of the plaintiff as a general or limited partner. The evidence submitted by the parties does not resolve the question of the relationship between Stop Shop and Stamford Ridgeway.
Regardless, it is irrelevant whether Stop Shop is a general or limited partner of Stamford Ridgeway, because it is not attempting to assert any rights of the partnership. The defendant mischaracterizes the complaint as stating a derivative action. Stop Shop, in its capacity as an independent corporation, alleges injury to itself independent of Stamford Ridgeway. The complaint clearly alleges an injury to Stop Shop as a result of the defendant's action. The complaint states "[t]he purpose of Caporizo's lawsuits was to prevent Stop Shop from developing a Stop Shop superstore in the Ridgeway Shopping Center" and "[a]s a result of Caporizo's mandamus action and zoning appeal, which were undertaken maliciously and without probable cause, Stop Shop suffered damages." Complaint, §§ 26 and 31.
A plaintiff must demonstrate two facts in order to claim standing. "First, the complaining party must be a proper party to request adjudication of the issues . . . [s]econd, the person or persons who prosecute the claim on behalf of the complaining party must have authority to represent the party." (Citations omitted.) Community Collaborative of Bridgeport, Inc. v. Ganim,supra, 241 Conn. 553. "A complaining party . . . can show that it is a proper party when it makes a colorable claim of [a] direct injury [it] has suffered . . . in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." Community Collaborative ofBridgeport, Inc. v. Ganim, supra, 241 Conn. 553-54.
Stop Shop holds a real interest in the property it rents from Stamford Ridgeway. Stop Shop presents a colorable claim of injury to that interest as a result of the defendant's alleged vexatious litigation. In addition, Stop Shop, as a corporation, has authority to sue under General Statutes § 33-647(1). Therefore, Stop Shop has standing to sue the defendant.
In addition, the defendant claims the plaintiff lacks CT Page 12951 standing because the previous litigation did not terminate in the plaintiff's favor and Stop Shop was not a party to the litigation between the defendant, the SZBA and Stamford Ridgeway. The defendant asserts that these requirements are necessary to prove vexatious litigation. "[A] claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor." Zeller v. Consolini, 235 Conn. 417, 424,666 A.2d 64 (1995).
Whether the previous litigation terminated in Stop Shop's favor, as alleged in paragraph 27 of the complaint, is an element of the tort of vexatious litigation. This question cannot be decided on a motion to dismiss because the purpose of the motion is to challenge jurisdictional defects, not elements of a cause of action. "An allegation that a prior suit terminated in favor of a plaintiff is not a jurisdictional prerequisite to the filing of a vexatious litigation claim, but rather relates to the legal sufficiency of such a claim." Palmieri v. Dichello, Superior Court, judicial district of New Haven at New Haven, Docket No. 36 06 23 (January 5, 1995) (Zoarski, J.). A motion to strike is the proper vehicle to test the legal sufficiency of a complaint alleging vexatious litigation, not a motion to dismiss. See DalyElectrical Contractor, Inc. v. Conte, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 96 0155499 (November 26, 1997) (Lewis, J.).
The plaintiff has standing to sue the defendant because the plaintiff has authority to sue and the plaintiff alleges a colorable claim of injury to its interest in the shopping center. Therefore, the defendant's motion to dismiss is denied.
MINTZ, J.