[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO DISMISS #102
The plaintiffs, Stanton L. Whitney, Edwin Whitney, and Leona Sheets, filed a one-count complaint against the defendant, Arlene M. Taplin, on December 24, 1996. The plaintiffs allege that the defendant, while acting as a court-appointed guardian ad litem in a Washington state custody matter involving the children of Edwin Whitney and Leona Sheets, made false representations to the plaintiffs concerning the course of court proceedings while the defendant was in Connecticut during a "home visit." The plaintiffs further allege that the defendant has committed tortious conduct in Connecticut sufficient to establish the court's jurisdiction over the defendant, a resident of Washington, pursuant to Connecticut's long arm statute, General Statutes §§ 52-59b(a)(2) and 52-59b(a)(3).
On February 21, 1997, the defendant filed a motion to dismiss on the grounds that there are insufficient facts to establish personal jurisdiction over the defendant under § 52-59; any such personal jurisdiction over the defendant would be inconsistent with due process requirements; and assertion of jurisdiction is barred by the doctrine of forum non conveniens, in that it would be inappropriate and unfair for the plaintiffs' claim to be decided in this court. The plaintiffs filed an objection to the motion to dismiss on March 26, 1997. The defendant filed a supplemental memorandum of law in favor of the motion to dismiss on May 24, 1997. The matter was heard by the court on September 22, 1997.
"[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court." ThirdTaxing District v. Lyons, 35 Conn. App. 795, 803, 647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . .
Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. Metal Products Corp.,44 Conn. App. 446, 689 A.2d 1145, cert. denied, 241 Conn. 906,693 A.2d 293 (1997).
The defendant argues that the plaintiff Stanton Whitney cannot show that the court has jurisdiction over the defendant pursuant to § 52-59b(a)(2), because Stanton Whitney and the CT Page 12054 defendant have had no contact beyond Stanton Whitney's payment of the defendant's fees on behalf of his son, Edwin Whitney. The defendant argues that the complaint should therefore be dismissed as to the plaintiff Stanton Whitney.
The defendant next argues that she does not have the requisite minimum contacts with respect to Edwin Whitney and Leona Sheets to satisfy due process requirements. The defendant argues that she did not engage in any purposeful activity which should have led her to reasonably anticipate being haled into the courts in Connecticut, that she owns no property in Connecticut, that she has engaged in no persistent course of conduct in Connecticut, and that she did not derive substantial benefit from services rendered in Connecticut. The defendant also points to the fact that Edwin Whitney and Leona Sheets are former residents of Washington, that the defendant limits her work exclusively to the provision of guardian ad litem services within Washington, and that the contracts signed by Edwin Whitney and Leona Sheets to procure the defendant's services were signed in Washington.
The defendant further argues that even if the court finds that the statutory and constitutional requirements for personal jurisdiction over the defendant are found, the case should be dismissed based on the forum non conveniens doctrine. The defendant argues that most of the allegations made by the plaintiffs stem from representations made while the defendant was in Washington, that the plaintiffs have other matters pending in the courts of Washington, and that the defendant's contact with Connecticut in relation to the total work done by the defendant for the plaintiffs was de minimis. The defendant argues that the vast majority of witnesses and documentation are located in Washington and are not subject to Connecticut subpoenas, and thus it would be unfair for Connecticut to exercise jurisdiction.
The plaintiffs argue that § 52-59b(a)(2) is satisfied because the defendant made false representations while in Connecticut during the home visit. The plaintiffs also argue that the letters written by the defendant to the plaintiffs, as well as telephone calls made from the defendant to the plaintiffs, constitute conduct in Connecticut sufficient to establish jurisdiction under the statute.[1]
The plaintiffs next argue that due process is not violated when a court asserts jurisdiction over a nonresident based even on one isolated incident, if the defendant has purposefully CT Page 12055 directed its activities at residents of the forum and the litigation results from alleged injuries that arise out of or are related to those activities. The plaintiffs also argue that the defendant purposefully entered the state of Connecticut and made misrepresentations, and therefore the defendant should have foreseen the possibility of being haled into Connecticut court. The plaintiffs further argue that the drastic remedy of forum non conveniens is unnecessary here.
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. VikingCommunications Ltd., 236 Conn. 602, 606, 674 A.2d 426 (1996).
General Statutes § 52-59b (a) provides in pertinent part: "AS to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who . . . (2) commits a tortious act within the state. . . ." "[T]he court is not concerned with whether the allegations . . . state a cause of action that will survive a motion to strike, but only whether . . . they bring the case within the scope of Sec. 52-59b(a)(2)." Braunstein v. Hayes Thynne, P.C., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 117928 (February 16, 1993, Nigro, J.) (8 CONN. L. RPTR. 369, 8 C.S.C.R. 280, 281). "Regardless of where the harm is suffered, the tort must be committed in Connecticut, and the defendant must be physically present within the state at the time of commission." N.E. Contract Packers v. Beverage Services,
Superior Court, judicial district of Waterbury at Waterbury, Docket No. 100039 (June 18, 1992, Gaffney, J.) (6 CONN. L. RPTR. 582,7 C.S.C.R. 828, 830).
Here, it is undisputed that the defendant visited Edwin Whitney and Leona Sheets at their residence on October 30, 1994, and the defendant argues only that Stanton Whitney cannot show that the long arm statute applies to the defendant. The plaintiffs have alleged that on October 30, 1994, while in Connecticut, the defendant conducted a home visit with Edwin Whitney and Leona Sheets, during which she made false representations. The plaintiffs further allege that they were CT Page 12056 induced to, and did, rely on the representations, and that as part of their damages, they suffered financial loss in the amount expended by them for services and expenses. The plaintiffs have therefore tied the misrepresentations made to Edwin Whitney and Leona Sheets to fees paid by all of the plaintiffs, including Stanton Whitney.[2] The defendant herself admits in her affidavit that she did receive "one or two payments from Stanton Whitney on behalf of his son, Edwin Whitney." (Affidavit of Arlene C. Taplin, February 20, 1997, ¶ 8). Therefore, that for purposes of this motion to dismiss, all of the plaintiffs have demonstrated that the defendant has committed a tortious act in the state of Connecticut against them, as required by §52-59b(a)(2). The plaintiffs have sufficiently alleged that the misrepresentations were made directly to Edwin Whitney and Leona Sheets, but were relied upon by each of the plaintiffs, to all of the plaintiffs' detriment.
"Having determined that the [defendant is] amenable to jurisdiction pursuant to the long arm statute, it must be determined whether the [defendant has] sufficient minimum contacts with the State of Connecticut such that subjecting [her] to jurisdiction here would not `offend traditional notions of fair play and substantial justice.'" Adams v. Origlio, Superior Court, judicial district of Danbury at Danbury, Docket No. 323248 (June 14, 1996, Moraghan, J.) (17 CONN. L. RPTR. 164), citingInternational Shoe Co. v. Washington, 326 U.S. 310, 316,66 S.Ct. 154, 90 L.Ed. 95 (1945). The defendant's "conduct and connection with the forum State [must be] such that [it] should reasonably anticipate being haled into court there." World-Wide VolkswagenCorp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559,62 L.Ed.2d 490 (1980). "The twin touchstones of due process analysis under the minimal contacts doctrine are foreseeability and fairness."United States Trust Co. v. Bohart, 197 Conn. 34, 41,495 A.2d 1034 (1985). A single act having impact in and connection with the forum state can satisfy the minimum contacts test. Adams v.Origlio, supra, 17 CONN. L. RPTR. 164, citing McGee v.International Life Ins., 355 U.S. 220, 224, 78 S.Ct. 199,2 L.Ed.2d 199 (1957).[3] "[T]he determination of the reasonableness of the exercise of jurisdiction [over a non-resident defendant] in each case will depend on an evaluation of several factors. A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the CT Page 12057 shared interest of the several States in furthering fundamental substantive social policies." (Internal quotation marks omitted.)Asahi Metal Industry Co., Ltd. v. Superior Court of California,480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).
"The [defendant does] not challenge [the] allegation that [she] was present in Connecticut on the day of the alleged tortious [acts]. Moreover, the [defendant admits] that [she] has additional contacts with Connecticut by way of [various letters mailed to and telephone calls made to the plaintiffs as outlined in the defendant's affidavit]." De Capua v. Williams Williams,
Superior Court, judicial district of Danbury at Danbury, Docket No. 320832 (November 20, 1995, Stodolink, J.). "As such, by the [defendant's] own admission, it is clear that minimum contacts exist between the [defendant] and the State of Connecticut sufficient to confer personal jurisdiction." Id.
"As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice." (Internal quotation marks omitted.) Picketts v.International Playtex Inc., 215 Conn. 490, 500, 576 A.2d 518
(1990). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (Emphasis omitted.) Id. "The trial court does not have unchecked discretion to dismiss cases from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff." (Internal quotation marks omitted.) Id., 501. "The plaintiff's choice of forum . . . should be respected unless equity weighs strongly in favor of the defendant." (Internal quotation marks omitted.) Id. "When a litigant properly presents his concerns before a state court, that court should not lightly sweep those concerns under the putative judicial carpet of another state. Connecticut's constitution specifically assures the citizens under its protection that the state's courts will be open for the resolution of their disputes." Sabino v. Ruffolo,19 Conn. App. 402, 408, 562 A.2d 1134 (1989). "The question to be answered is whether [the] plaintiff's chosen forum is itself inappropriate or unfair. . . ." (Internal quotation marks omitted.) Picketts v.International Playtex Inc., supra, 215 Conn. 501. "When a dismissal is premised on the convenience of witnesses, more than a mere allegation to that effect is required." Id., 509. "Rather, the [defendant] must establish, with specificity, inconvenience to witnesses that is sufficiently prejudicial to justify CT Page 12058 dismissal." (Internal quotation marks omitted.) Id. The trial court must also be mindful of technological innovations when exercising its discretion. Id., 511-12.
The defendant has asserted in her affidavit that there are many witnesses outside of Connecticut who cannot be compelled to attend trial in Connecticut, causing the defendant to incur substantial expense in order to introduce numerous records from the Washington courts. (Affidavit of Arlene C. Taplin, February 20, 1997, § 45). Although the defendant has listed ten potential witnesses, she has failed to put forth any indication that the named witnesses would be inconvenienced by a Connecticut trial of this matter. Indeed, the defendant asserts only that it would be inconvenient for her to prepare copies of appropriate documents purportedly necessary to mount a defense to the plaintiffs' action. The defendant's assertions fail to rise to a level compelling the court to exercise its discretion to remove this case to another forum, where all three plaintiffs are residents of Connecticut asserting a cause of action based on a tort which occurred in Connecticut.[4] As such, the forum chosen by the plaintiffs is both appropriate and fair, and should not be disturbed by this court's unnecessary exercise of discretion.
The motion to dismiss the plaintiffs' complaint for lack of personal jurisdiction is denied.
STODOLINK, J.