[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 8, 1992, the plaintiff (hereafter "Spicer's") filed an amended complaint alleging in a single count that the defendant, WJMK, Inc. (hereafter "WJMK"), is subject to this state's jurisdiction pursuant to Sec. 33-411 of the General Statutes. The complaint alleges that WJMK represented that for a payment of twelve thousand five hundred ($12,500.00) dollars it would produce and broadcast a segment which would advertise the plaintiff's products on a program called "Gourmet Weekly." One segment alone would appear on the Lifetime Cable Network receiving exposure in excess of forty (40) million households. Based upon these representations, Spicer's paid the agreed price. After payment, Spicer's learned from WJMK that the segment would not air on the Lifetime Network as contracted, but would air on another cable network having much less exposure than that of Lifetime. As a result, Spicer's rescinded its agreement and demanded the return of the twelve thousand five hundred ($12,500.00) dollar prepayment fee.
WJMR filed a supplemental motion to dismiss this action for lack of jurisdiction in that Spicer's has failed to allege the essential elements required to exercise personal jurisdiction over a foreign corporation under the cited section of the statutes. CT Page 8250
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. Park, City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702. The grounds which may be asserted in this motion are (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process. Zizka v. Water Pollution Control Authority,195 Conn. 682, 686.
Section 33-411 (c) of the General Statutes provides:
 Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.
Analysis of a procedural challenge to personal jurisdiction over a nonresident, foreign partnership or foreign corporation is a two-step process. The court must first inquire whether the long-arm statute authorizes the exercise of jurisdiction under the particular facts of the case. If the statute is applicable, the court then reaches the question of whether it would offend due process to assert CT Page 8251 jurisdiction. Frazer v. McGowan, 198 Conn. 243, 246-50. Minimum contacts must be present before a court can acquire in personam jurisdiction, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. United States Trust Co. v. Bohart,197 Conn. 34, 38; International Shoe Co. v. Washington, 326 U.S. 310,66 S.Ct. 154, 90 L.Ed. 95 (1945). The plaintiff has the burden of proof of establishing facts pertaining to personal jurisdiction over the defendant. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53.
WJMK argues that the plaintiff is unable to allege facts sufficient to establish jurisdiction under Sec. 33-411. It continues that if the court were to exercise jurisdiction in this case, it would offend due process requirements. Conversely, Spicer's argues that (1) the misrepresentations allegedly made by the defendant are sufficient to create minimum contacts under Sec. 33-411 (c)(4); (2) the contract was accepted in Connecticut, therefore, jurisdiction was created under Sec. 33-411 (c)(1); and (3) the court's failure to find personal jurisdiction in this case would offend traditional notions of due process and fairness.
The Appellate Court in Kovarco v. T.J.E.; Inc., 2 Conn. App. 294,295-96, discussing whether or not to set aside the conveyance of certain real property, enunciated the elements of fraudulent misrepresentation. The court stated that "a false representation was made as to a statement of fact, that it was untrue and known by the defendants to be untrue, that it was made to induce the plaintiffs to buy the realty, and that they acted upon the false representation to their detriment." The amended complaint states that "[t]he representations described above were false, thereby warranting rescission of the Agreement." Plaintiff's Amended Complaint, para. 12, December 8, 1992. That language is conclusory in nature and is therefore factually inadequate to create minimum contacts under Sec. 33-411 (c)(4).
WJMK asserts that the contract was accepted in Florida and was to be performed in Florida; therefore, jurisdiction does not exist under Sec. 33-411 (c)(1). To establish this fact, it attached the affidavit of Ted Kielar, the President of WJMK. Kielar swore that at the time of negotiations with Spicer's, any and all agreements made by WJMK were made in Florida. WJMK's representatives are employed at the CT Page 8252 principal place of business in Boca Raton, Florida, and all business dealings take place in the Boca Raton office. Mr. Kielar further swore that any telephone communications or mail communications between WJMK and Spicer's were for the purpose of negotiating and entering into a contract to be performed in Florida.
In addition, this court (Fuller, J.), in ruling on a previous motion to dismiss the present action, stated "the contract was made in Florida and was primarily intended to be performed there." Memorandum of Decision, pp. 2-3, (March 11, 1993). It is also significant to note that Sec. 33-397 (b) of the General Statutes provides:
 Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state any one or more of the following activities . . . (5) soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts . . . .
The conduct of WJMK does not fall within the purview of the type of act listed in Sec. 33-411 (c)(1).
The court has previously held the contract was made in Florida. Kielar's affidavit, which has not be rebutted by any counteraffidavit, says as much. Despite the fact that Spicer's alleges in its amended complaint that the contracts made outside this state were to be performed in this state and that the defendant produced, manufactured and distributed goods with the reasonable expectation that such goods were to be used in this state, there were no facts contained in the record to suggest that a program produced by the WJMK in Florida which might have been placed on television in Connecticut ever in fact happened.
Since the extent of the WJMK's contract with the plaintiff was by telephone and mail, and considering the fact that Spicer's has offered no evidence to show that the defendant has offices in the State of Connecticut, or has CT Page 8253 representatives, employees or agents located in or travel to the State of Connecticut, in order to effectuate business on the defendant's behalf, no minimum contacts exist between it and the forum state so that personal jurisdiction could be created.
Under the facts of this case, jurisdiction cannot be created pursuant to our "long-arm" statute, and the court is not required to reach the next question of whether or not assertion of jurisdiction would violate constitutional principles of due process. The motion to dismiss is, accordingly, granted.
Moraghan, J.