[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 27, 1996
The plaintiff, Loctec Corporation (Loctec), initiated this suit by filing a small claims action in October, 1995, against the defendant, Hawk Golf Bag Company (Hawk), seeking damages for Hawk's alleged breach of contract. Although not specifically alleged, it appears that the contract was entered into either by telephone conversation or fax communication between representatives of both entities. On November 9, 1995, the sheriff mailed a copy of the complaint to the secretary of state and also mailed a copy to Hawk at its offices in Chicago, Illinois.
On November 24, 1995, Hawk filed the following documents with the small claims court: an appearance form, a motion to transfer to the regular docket, a motion to dismiss for lack of personal jurisdiction, a counterclaim and an affidavit of debt. The motion to transfer to the regular docket was granted by the small claims court on January 29, 1996. In its motion to dismiss, Hawk argues that the court lacks jurisdiction over it because it is an Iowa corporation with offices in Illinois and it has no office in Connecticut.
On November 30, 1995, Loctec filed a memorandum in opposition to the motion to dismiss, arguing that Sec. 33-411 of the General Statutes confers jurisdiction over Hawk because of the contract between the two entities, the existence of which Hawk has admitted in its counterclaim. Alternatively, Loctec argues that the contract "reflects that . . . [Hawk] transacts business in the State of Connecticut, and is therefore also subject to the jurisdiction of this Court as a matter of law under Connecticut CT Page 5057 General Statutes Sec. 52-59b," Connecticut's longarm statute. (Plaintiff's Memorandum, p. 3.) Finally, Loctec argues that the filing of a counterclaim acknowledges the jurisdiction of the court, relying on Standard Tallow Corporation v. Jowdy, 190 Conn. 48,53 n. 5.[1]
On April 5, 1996, Hawk filed a supplemental memorandum in support of its motion to dismiss in which it argued that the due process clause of the fourteenth amendment prohibits this court from exercising jurisdiction over it since it is a non-resident defendant which does not have sufficient minimum contacts with the state of Connecticut sufficient to confer jurisdiction over it.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687. Since Hawk's motion to dismiss was filed within thirty days of their appearance in this action, it was timely filed. See Sec. 142 of the Practice Book.
"It is hornbook law that, in order for the courts of one state to acquire personal jurisdiction over an out-of-state party, two requirements must be met: (1) the forum state's longarm statute must be complied with; and (2) there must be sufficient contacts with the forum state." (Emphasis added.) Catov. Cato, 226 Conn. 1, 18; see also Frazer v. McGowan, 198 Conn. 243,246. Moreover, when jurisdiction is based on the longarm statute, the burden of proof is on the plaintiff to present evidence establishing jurisdiction. Standard Tallow Corporationv. Jowdy, supra, 190 Conn. 48, 54.
Section 33-411 (c) of the General Statutes provides, in relevant part: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting . . . business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state . . ."
Section 52-59b of the General Statutes, Connecticut's longarm statute, provides, in part: "(a) As to a cause of action arising from any of the acts enumerated in this section, a court may CT Page 5058 exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) Transacts any business within the state . . ."
Hawk argues that there are insufficient minimum contracts with Connecticut sufficient to confer jurisdiction in accordance with the principles of due process because: (1) it has no offices in Connecticut; (2) does not transact any business in Connecticut; and (3) merely entered into a "one-time" contract with a Connecticut corporation to purchase parts that it needed for other contracts.
As noted above, the contract was apparently entered into during a telephone call or fax communication between the companies. Thereafter, Loctec sent a purchase order acknowledgement to Hawk. Pursuant to the terms of the purchase order, Loctec was to provide Hawk with 5100 pieces that were to be used on golf bags Hawk produces. Hawk also sent a purchase order acknowledgement to Loctec reflecting the terms of the agreement. There is nothing in the court file that indicates that Hawk was to have any contact with the State of Connecticut other than its single telephone order to Loctec.
Regardless of which longarm statute is used — Sec. 52-59b or Sec. 33-411 (c) — in order for Hawk to be subject to this court's jurisdiction, Hawk must still have enough minimum contacts with Connecticut such that allowing Hawk to be sued in the courts of this state will not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Loctec has not met its burden of proving that Hawk has such minimum contacts.
Once again, according to the documents submitted by Loctec, the contract at issue herein was entered into either by telephone or by fax, and there is no indication that any of Hawk's agents ever entered this state. There also is no evidence that Hawk had any previous contracts with Loctec or that it had an office, sales representative, bank account, or employees in this state or that it advertised or solicited business in Connecticut, all things that normally indicate a sufficient connection with a forum state to confer personal jurisdiction over a foreign corporation. See, e.g., Hill v. W.R. Grace Co., 42 Conn. Sup. 25,598 A.2d 1107 (Super.Ct. 1991) (defendant's physical presence in Connecticut along with employees in the state and CT Page 5059 manufacture of goods in state sufficient to confer jurisdiction);Pomichter v. Yankee Candle Shop, Superior Court, Judicial District of New Haven at New Haven, Docket No. 369919 (December 19, 1995) (Hadden, J.) (mere advertisement in Connecticut without more insufficient to confer jurisdiction); Budney Co. v.Manufacturers Supply, Superior Court, Judicial District of Hartford-New Britain at New Britain, Docket No. 455399, 10 CONN. L. RPTR. 567 (December 15, 1993) (Berger, J.) (visits to Connecticut and numerous sales orders subjected defendant to jurisdiction); Luders v. White Lightning Aircraft Corporation,
Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 107683, 3 CONN. L. RPTR. 77 (January 4, 1991) (Ryan, J.) (solicitation of business in Connecticut sufficient to confer jurisdiction over defendant); DeMartino v.Riebling Co., Superior Court, Judicial District of Waterbury, Docket No. 127909 (December 21, 1995) (Sullivan, J.) (no evidence of defendant's minimum contacts with state; mere allegation that defendant was a foreign corporation insufficient to confer jurisdiction).
Indeed, this court has previously analyzed the minimum contacts required to confer personal jurisdiction over a foreign corporation. Spicer's International, Inc. v. WJMK, Inc.,8 CSCR 1165 (October 14, 1993) (Moraghan, J.) ("Since the extent of the . . . [defendant's] contract with the plaintiff was by telephone and mail, and considering the fact that . . . [the plaintiff] has offered no evidence to show that the defendant has offices in the State of Connecticut, or has representatives, employees or agents located in or travel to the State of Connecticut, in order to effectuate business on the defendant's behalf, no minimum contacts exist between it and the forum state so that personal jurisdiction could be created").
Upon review of the above case law, the court is satisfied that Loctec has not met its burden of proving that Hawk has sufficient minimum contacts with this state such that exercising personal jurisdiction over it would be consistent with constitutional due process principles. Accordingly, Hawk's motion to dismiss is granted.
Loctec's argument that Hawk's assertion of a counterclaim constitutes a waiver of its jurisdictional challenge is rejected. Since Hawk filed its motion to dismiss and counterclaim on the same day in addition to an appearance form, a motion to transfer to the regular docket and an affidavit of debt — it can reasonably CT Page 5060 be inferred that Hawk's intent was to challenge the court's jurisdiction and, if the motion was denied, assert its counterclaim.
MORAGHAN, J.