[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS(DOCKET ENTRY NO. 104)
The plaintiff, Flight Services Group, Inc., filed a two-count complaint against the defendants, Asprey Leasing, Inc. (Asprey), Harvard Capital Management Limited (Harvard), and Viktor Kozeny (Kozeny) on October 3, 1996. The plaintiff alleges that it entered into an oral contract in May of 1996 with Asprey,[1] a Delaware Corporation with a principle place of business in Palm Beach, Florida; Harvard,[2] incorporated and located in the Bahamas; and Kozeny, a resident of the Bahamas, to manage and charter a private aircraft for the defendants. The plaintiff alleges that the defendants have failed to make payment on numerous invoices totaling $449,370. The plaintiff also seeks recovery on a theory of quantum meruit for services rendered in operating the aircraft.
On December 20, 1996, the defendants moved to dismiss the plaintiff's suit on the ground that the court lacks personal jurisdiction over the defendant as none of the requirements of the long arm statutes have been met, and there are not sufficient minimum contacts as far as constitutional due process requirements are concerned. The plaintiff, in an opposition memorandum filed on April 9, 1997, argues that the court has jurisdiction over each of the defendants. The matter was heard by the court on October 20, 1997.
A motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court. ThirdTaxing District of Norwalk v. Lyons, 35 Conn. App. 795, 803,647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994). A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. Malasky v. MetalProducts Corp., 44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906, 693 A.2d 293 (1997). A ruling on a motion to dismiss is neither a ruling on the merits of the action nor a test of whether the complaint states a cause of action. Motions to dismiss are granted solely on jurisdictional grounds. Id., 452.
When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. If the statutory requirements are met, its second CT Page 13750 obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. Knipple v. Viking Communications, 236 Conn. 602, 606,674 A.2d 426 (1996). If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction. Id., 607.
A. Personal Jurisdiction Over Kozeny Under § 52-59b (a) (1)
Connecticut courts may assert personal jurisdiction over a nonresident defendant under General Statutes 52-59b (a) (1),[3]
as long as that defendant transacts business within the state. The term "transacts any business" has been construed to embrace a single purposeful business transaction. Gaudio v. Gaudio,23 Conn. App. 287, 298, 580 A.2d 1212 (1990). In determining whether the defendants' contacts constitute the transaction of business within the state, the court does not apply a rigid formula but balances considerations of public policy, common sense, and the chronology and geography of the relevant factors. Id.
The defendants argue that since Kozeny has not transacted any business within the state of Connecticut, personal jurisdiction over Kozeny is not conveyed to the court through § 52-59b (a) (1). The defendants argue that the allegations of the complaint involving overseas telephone conversations, facsimiles, negotiations and document exchanges between the plaintiff and Kozeny do not meet the requirements of the statute, because none of these activities occurred within Connecticut. The defendants also argue that Kozeny has not performed acts which are purposefully related to Connecticut, since the aircraft was actually purchased by Asprey.
The plaintiff argues that § 52-59b (a) (1) does give the court personal jurisdiction over Kozeny based on Kozeny's contacts with David Hurley, president of operations of the plaintiff, regarding the purchase and subsequent management of the aircraft; the actions of Kozeny's agents, who came into Connecticut on his behalf regarding the inspection of the aircraft;[4] and Kozeny entering into an oral contract with the plaintiff which required execution by the plaintiff within Connecticut.
In MS/C Communications, Inc. v. Hamilton, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 266263 CT Page 13751 (August 8, 1990, Spear, J.), the plaintiff alleged that the defendants called the plaintiff at its place of business in Connecticut and entered into an oral agreement for services to be rendered by the plaintiff to the defendant, and that the defendants would pay money for these services. Based on those allegations, and based upon considerations of public policy, common sense, and the chronology and geography of the relevant factors," the court found that the defendants' conduct constituted transacting business within the State of Connecticut. Id. Likewise, here the plaintiff has alleged that it met with Kozeny in February of 1996 to purchase an aircraft, and that information concerning the purchase, maintenance, flight plans for, and outfitting of the aircraft was exchanged via telephone and fascmile transmissions by the plaintiff and Kozeny and his agents through July of 1996. Based upon the allegations contained in the complaint, this court has personal jurisdiction over Kozeny pursuant to § 52-59b (a) (1).
B. Jurisdiction Over Asprey Pursuant To § 33-411 (b)
The defendants argue that § 33-411 (a), now § 33-929
(a) is inapplicable to the corporate defendants here, since neither is authorized to conduct business within Connecticut. The defendants also argue that the statutory requirements of § 33-411 (b), now § 33-929 (d)[5] have not been met, because the corporate defendants have not transacted business within the state of Connecticut.
The plaintiff argues first that because Asprey has filed a separate action in Connecticut Superior Court as well as the United States District Court for the district of Connecticut, it cannot now claim that it is subject to this court's personal jurisdiction. The plaintiff also claims that over a period of many months, the defendants solicited from the plaintiff, and obtained pursuant to an oral contract, various and numerous services relating to the aircraft and the plaintiff's management of the aircraft. The plaintiff also argues that the defendants sent payment for various services into Connecticut.
"Every foreign corporation which transacts business in this state in violation of section 33-395 or 33-396[6] shall be subject to suit in this state upon any cause of action arising out of such business." General Statutes § 33-411 (b). General Statutes § 33-411 (b) has been interpreted as requiring, for the purposes of withstanding a motion to dismiss for lack of CT Page 13752 jurisdiction over a nonresident corporation, allegations in the complaint that the plaintiff's cause of action arose out of the defendant's transaction of business in the state. Wallenta v.Avis Rent A Car System, Inc., 10 Conn. App. 201, 205-06,522 A.2d 820 (1987).[7] Subsection (b) of § 33-411 confers local jurisdiction over a foreign corporation only upon proof of two conditions: the transaction of business in this state, and a cause of action arising out of the transaction of such business.Wilkinson v. Boats Unlimited, Inc., 236 Conn. 78, 86,670 A.2d 1296 (1996).
When balancing considerations of public policy, common sense, and the chronology and geography of the relevant factors; Gaudiov. Gaudio, supra, 23 Conn. App. 298; it is clear that the defendant Asprey has transacted business in Connecticut, namely, the measures it took to ensure that the aircraft would be licensed in Connecticut. The plaintiff has alleged that Asprey is a single asset subchapter S corporation formed solely to hold title to the aircraft. As such, common sense dictates that Asprey transacted business in Connecticut by instructing the plaintiff to afix the registration certificate to the aircraft, since this is allegedly the only business Asprey may conduct. The plaintiff has submitted documents demonstrating that Asprey directed the plaintiff to place a certificate of aircraft registration on the aircraft. (Plaintiff's Exhibit G). This act is a single purposeful act constituting the transaction of business in this state, which conveys to the court personal jurisdiction over Asprey.
The plaintiff's causes of action for breach of contract and quantum meruit arise out of this transaction. This single purposeful act further supports the plaintiff's claims based on breach of contract and quantum meruit, which arise out of Asprey's dealings with the plaintiff in Connecticut and ownership of the aircraft. Cf. Zartolas v. Nisenfeld, 184 Conn. 471,440 A.2d 179 (1981) (defendants committed purposeful act where out-of-state defendants invoked the benefits and protection of Connecticut law by owning Connecticut land). Consequently, the court has jurisdiction over Asprey under § 33-411 (b).
In addition, Asprey has already sought relief in the courts of Connecticut, and should not now attempt to claim that the same court cannot exercise jurisdiction over it as a defendant. Cf.Zeff v. Anzalone, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308282 (December 21, 1993, Fuller, J.) CT Page 13753 (defendant obviously came to Connecticut to pursue subsequent lawsuit arising from business problems which led to present suit; having elected to use the same Connecticut courts for his own purposes, defendant can hardly claim that his opponent subjects him to litigation in the same courts). In view of public policy considerations, it is clear that the court should exercise jurisdiction over Asprey under the long arm statute. See St. PaulFire M. Ins. v. Wrap It Up, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 120727 (March 16, 1992, Rush, J.) (defendant purposely availed itself of the privileges of conducting business activities in Connecticut, thereby invoking the benefits and protections of our laws).
C. Jurisdiction Over Harvard Pursuant To § 33-411 (c) (1)
The defendants argue that § 33-411 (c) (1) [now §33-929 (e) (1)] does not apply to Harvard, because the complaint does not allege that a contract was made or performed in Connecticut. The defendants argue that there was no contract between the plaintiff and Harvard, because even if the plaintiff made an offer to the defendants concerning the aircraft, Kozeny, acting individually or on behalf of Harvard, did not accept the offer in Connecticut. The defendants further argue that the negotiations between the plaintiff and Asprey never amounted to a contract made or performed in Connecticut.
The plaintiff argues that Harvard is subject to the court's jurisdiction since the contract Harvard entered into with the plaintiff required the plaintiff to execute the contract within Connecticut. The plaintiff argues that it performed significant acts pursuant to the contract it had with Harvard, and that Harvard knew the actions it requested the plaintiff to perform would be performed within Connecticut.
Section 33-411 (c) directs the court to inquire not only into the various elements of the plaintiff's cause of action, spelled out in the various subparts of subsection (c), but also into the totality of contacts which the defendant may have with the forum. In enacting § 33-411 (c) the legislature intended to exercise its full constitutional power over foreign corporations in cases falling within one of the designated causes of action. Under [§ 33-411 (c)], consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably CT Page 13754 have anticipated being haled into court here. Thomason v.Chemical Bank, 234 Conn. 281, 291, 661 A.2d 595 (1995).
For a court to assert jurisdiction over a foreign corporation pursuant to General Statutes § 33-411 (c) (1), the underlying contract must contemplate or encompass some contact with Connecticut. Thus, the plaintiff must initially establish prima facie that a contract existed and that it was to be performed in Connecticut within the meaning of General Statutes § 33-411 (c) (1). Gamlestaden PLC v. Lindholm, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130058 (February 28, 1996, Karazin, J.). However, the language of § 33-411 (c) (1) does not expressly require contemplated performance in this state by the party over whom jurisdiction is sought. Id., citing Combustion Engineering Inc. v. NEIInternational Combustion Limited, 798 F. Sup. 100, 104 (D.Conn. 1992).
From the affidavits and supporting documentation supplied by the parties, the following facts can be found. The plaintiff's president, Hurley, met somewhere with Kozeny, during which meeting the two discussed the prospects of the plaintiff acquiring and managing a private aircraft for Kozeny. Thereafter, the plaintiff sent numerous documents to Kozeny, care of various agents,[8] discussing the plaintiff's progress, as well as the terms of a written lease agreement. Each correspondence sent by the plaintiff to Harvard indicates that it is originating in Stratford, Connecticut. There are also numerous faxes sent by Harvard to the plaintiff in Connecticut, as evidenced by the area code and phone number of the plaintiff as the receiving party. These faxes were sent to apprise the plaintiff of Kozeny's upcoming flying schedule, as well as passenger lists. In these faxes, Harvard instructs the plaintiff to send faxes back to Harvard as needed to keep up with changes in the flying schedule. There is a further correspondence sent from Ullenberg[9] in Moscow, Russia to the plaintiff, outlining modifications that are to be made to the aircraft upon the orders of Kozeny. The costs of these modifications were paid for via money wired from a Swiss bank account to the plaintiff's account at a Webster Bank in Waterbury, Connecticut. In addition, Ullenberg was in Connecticut on behalf of the defendants for the purpose of inspecting and test flying the aircraft.
Based upon the type and amount of business activities conducted by Harvard in Connecticut, this court is satisfied that CT Page 13755 it may exercise personal jurisdiction over Harvard pursuant to § 33-411 (c). In Senior v. American Institute For ForeignStudy, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 39183 (February 7, 1996, Karazin, J.), the court found that where the defendant was contacted by a Connecticut corporation in Connecticut, engaged in negotiations with the Connecticut corporation over the telephone, received agreement papers from the Connecticut corporation and paid the Connecticut corporation while in Connecticut, the defendant had transacted business within the state of Connecticut sufficient to support personal jurisdiction over the defendant. Here, the same types of transactions of business, including Ullenberg's presence in Connecticut, support the plaintiff's position that an oral contract existed between the parties. In addition, § 33-411 (c) (1) must be read to authorize the assertion of jurisdiction in every instance where a cause of action arises out of a contract made or to be performed in Connecticut so long as there are sufficient total contacts to meet constitutional requirements. Combustion Engineering Inc. v.NEI International Combustion Ltd., supra, 798 F. Sup. 104. "[W]here the contract `contemplated and required' performance in the state by [the] plaintiff, [the] defendant . . . [is] subject to jurisdiction under § 33-411 (c) (1)." Coan v. BellAtlantic Systems Leasing International, Inc., 813 F. Sup. 929, 944
(D.Conn. 1990). The correspondences sent by Harvard to the plaintiff in Connecticut, informing the plaintiff of measures to take to stay abreast of Kozeny's flying schedule, contemplated and required some performance by the plaintiff in Connecticut. Accordingly, the court has personal jurisdiction over Harvard. See Margolin v. Specialty Publishers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306754 (March 14, 1995, Hauser, J.) (because the oral employment contract was to be at least partially performed in Connecticut, General Statutes § 33-411 (c) (1) granted the court jurisdiction over the defendant).
D. Due Process Minimum Contacts
Before a Connecticut court can assert in personam jurisdiction over a foreign corporation pursuant to the state's long arm statute, the court must determine whether the foreign corporation has sufficient contacts with the state to satisfy constitutional due process. Hill v. W. R. Grace Co.,42 Conn. Sup. 25, 32-33, 598 A.2d 1107 (1991). The contacts must be of a nature where "the traditional notions of fair play and CT Page 13756 substantial justice" are not offended by requiring a party to defend his case in the forum state. Id. The twin touchstones of due process analysis under the minimal contacts doctrine are foreseeability and fairness. United States Trust Co. v. Bohart,197 Conn. 34, 41, 495 A.2d 1034 (1985). The foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. (Internal quotation marks omitted.) Id., quoting World-WideVolkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559,62 L.Ed.2d 490 (1980).
Each of the defendants have the requisite minimum contacts with Connecticut under the due process analysis of personal jurisdiction. In Spicer's International, Inc. v. WJMK, Inc., Superior Court, judicial district of Danbury, Docket No. 311219 (October 14, 1993, Moraghan, J.) (8 C.S.C.R. 1165), the extent of the defendants' contact with the plaintiff was only by telephone and mail, and the plaintiff offered no evidence to show that the defendant had offices in the State of Connecticut, or had representatives, employees or agents located in or travel to the State of Connecticut, in order to effectuate business on the defendant's behalf; based on these facts, the court held that no minimum contacts existed between it and the forum state so that personal jurisdiction could be created. By contrast, here the plaintiff has offered as evidence flight lists showing Ullenberg's presence on the aircraft as an officer on numerous occasions.
The defendants rely on Loctec Corporation v. Hawk Golf BagCompany, Superior Court, judicial district of Danbury, Docket No. 323051 (June 27, 1996, Moraghan, J.) (17 Conn. L. Rptr. 265), where the court found that
 "according to the documents submitted by [the plaintiff], the contract at issue herein was entered into either by telephone or by fax, and there is no indication that any of [the defendant's] agents ever entered this state. There also is no evidence that [the defendant] had any previous contracts with [the plaintiff] or that it had an office, sales representative, bank account, or employees in this state or that it advertised or solicited business in Connecticut, all things that normally indicate CT Page 13757 a sufficient connection with a forum state to confer personal jurisdiction over a foreign corporation."
Conversely, here the plaintiff has presented evidence in the form of bills and other evidence of months of negotiations and services being rendered by the plaintiff on behalf of the defendants. In addition, Ullenberg, as an agent of Kozeny and Harvard, entered Connecticut to conduct business on behalf of the defendants, and Asprey has availed itself of the courts of this state to settle the matter of the lien placed on the aircraft by the plaintiff.
Based upon the activities outlined above which support personal jurisdiction under the various long arm statutes, this court concludes that it can exercise personal jurisdiction over the defendants. In addition, Ullenberg's presence in Connecticut for the purposes of inspection and test flying of the aircraft gives the court personal jurisdiction over the defendants. Ullenberg's presence in Connecticut from May 29, 1996 through June 19, 1996 forms a sufficient connection with Connecticut as to Kozeny and Harvard.[10] Finally, Asprey has sufficient minimum contacts with Connecticut by the fact that the aircraft has been periodically hangered at both Bradley Field and Sikorsky Airport. In addition, Asprey has already availed itself of the benefits of the Connecticut courts by filing a related action in the superior court for Fairfield at Bridgeport. Therefore, it would not be unfair for this court to exercise personal jurisdiction over any of the defendants, and it should have been foreseeable for each of the defendants to expect to be haled into a Connecticut court on a matter involving the aircraft, as each transacted business in Connecticut relating to the aircraft.
IV. CONCLUSION
For all of the foregoing reasons, this court concludes that it has personal jurisdiction over each of the defendants pursuant to the applicable long arm statute; and, that all of the defendants have minimum contacts with Connecticut which support this court's exercise of personal jurisdiction over each under the due process analysis. Accordingly, the motion to dismiss should be and is hereby DENIED.
Melville, J. CT Page 13758