[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS THIS APPEARS TO BE A CASE OF FIRST IMPRESSION IN CONNECTICUT.
This is an action for declaratory and injunctive relief under CGS § 22a-16[1] to prevent the development of a subdivision in Glastonbury in order to protect the "natural resources of the state from unreasonable pollution, impairment or destruction." More particularly, the suit is designed to protect wildlife, including timber rattlesnakes, an endangered species, and whippoorwill, a species of special concern.
The defendant, Plan and Zoning Commission (hereafter "PZ") approved the subdivision application on April 21, 1998 which approval was appealed by way of administrative appeal by the plaintiffs on May 8, 1998. (Docket No. 579967). That appeal was dismissed on July 10, 1998 on the basis of lack of standing to intervene under CGS Section 22a-19.[2] Plaintiffs' appeal to the Appellate Court is presently pending. The instant action was commenced on May 7, 1998. Defendants have moved to dismiss this action claiming lack of jurisdiction in that plaintiffs have CT Page 12663 failed to exhaust their administrative remedies. Both sides have filed original and supplemental memoranda. Oral argument was held on October 19, 1998.
STANDARD OF REVIEW
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." Practice Book Section10-31. Citations omitted. "A motion to dismiss tests, inter-alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). "A motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court." ThirdTaxing District v. Lyons, 35 Conn. App. 795, 803 (1994). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin, 214 Conn. 498,503 (1995)
ISSUES
There are two principal issues dispositive of the Motion to Dismiss. They are:
 1. Whether sections 22a-16 and 22a-19 are independent of each other. In other words, are the plaintiffs required to intervene in the administrative appeal, i.e., exhaust their administrative remedies, or may the plaintiffs bring a separate action under section 22a-16, 22a-17 and 22a-18?
 2. Whether the plaintiffs received actual and/or constructive notice of the PZ proceedings, thereby enabling them to intervene and follow the route of administrative appeal.
1. Whether the aforesaid statutes are independent of each other.
"There is a presumption that the legislature, in enacting a law, did so in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law. This is particularly so when all statutes are dealt with in the CT Page 12664 same session." International Business Machines v. Brown167 Conn. 123, 135 (1974) (Citations omitted; internal quotations marks omitted). It should be noted that CGS § 22a-16 was adopted in the 1971 legislative session as P.A. 96, S. 3, and CGS §22a-19 was adopted in the same legislative session, also PA 96, but as to 22a-19 it was S. 6. These two statutes, as well as CGS § 22a-18 which identifies the powers of the court in implementing CGS § 22a-16, are all part of the "Environmental Protection Act of 1971". Further, in CGS § 22a-15, the policy of said act is described as follows: "It is hereby found and declared that there is a public trust in the air, water and other natural resources of the State of Connecticut and that each person is entitled to the protection, preservation and enhancement of the same. It is further found and declared that it is in the public interest to provide all persons with an adequate remedy to protect the air, water and other natural resources from unreasonable pollution, impairment or destruction." It is clear to the court that based upon this history and the timing of the adoption of said statutes that the legislature intended to provide to all persons two options, paths or procedures in their efforts to protect the air, water and other natural resources of the state. If all persons, including the plaintiffs, were limited to intervening under CGS § 22a-19, there would be no reason to have CGS § 22a-16. "Section 22a-16 permits the maintaining of an independent action for obtaining relief against alleged unreasonable pollution. Section 22a-19 permit intervention `[i]n any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . .'" Keeney v.Fairfield Resources. Inc., 41 Conn. App. 120, 126 (1996). The Appellate Court in Keeney v. Fairfield Resources Inc., supra, after reviewing the legislative history, concluded: "The intent to afford the opportunity to any citizen to participate in raising environmental issues, either by way of instituting actions as in § 22a-18 or by intervention in such matters as in § 22a-19(a), is unmistakable." Id. 136.[3]
CGS § 22a-18 permits the court to, in its discretion, remand the parties to administrative proceedings. However, the court is to retain jurisdiction of the action and ". . . (c) if the agency's consideration has not been adequate, and notwithstanding that the agency's decision is supported by competent material and substantial evidence on the whole record, the court shall adjudicate the impact of the defendant's conduct on the public trust in the air, water or other natural resources of the state in accordance with Sections 22a-14 to 22a-20, CT Page 12665 inclusive.". Emphasis added. This latter subsection mandates the court to decide the impact of the defendant's conduct separately from the findings of the administrative agency.[4]
"When the language used in a statute is clear and unambiguous, its meaning is not subject to modification by construction . . . The words used must be construed according to the commonly approved usage of the language . . . It is not the function of courts to read into clearly expressed legislation provisions which do not find expression in its words . . . The statute must be applied as its words direct." InternationalBusiness Machines Corporation v. Brown, 167 Conn. 123, 134
(1974).
Based upon the clear wording of the statutes cited, this court concludes that the plaintiffs are entitled to pursue an action under CGS §§ 22a-16 and 22a-18 irrespective of the provisions of CGS § 22a-19. Plaintiffs are not required to exhaust their administrative remedies.
Further, the court has reviewed the legislative history of the Connecticut Environmental Protection Act, and finds that said legislative history supports the court's conclusion as stated above.[5] Also, the Connecticut Environmental Protection Act is considered remedial in nature and is to be construed liberally to reach the desired result. Starr v. Commissioner of EnvironmentalProtection, 226 Conn. 358, 382 (1993).
The court is well aware that under CGS §§ 22a-16 and22a-18, there is no time limitation for bringing such an independent action. This may well seem to be unfair to the real estate developer or anyone who is planning to use real property. They will never know whether, at some time in the future, an action may be brought against them under the aforementioned statutes. However, this apparent inequity is for the legislature to consider and not the court.
2. Whether the plaintiffs received actual and/or constructivenotice of the PZ proceedings, thereby enabling them to interveneand follow the route of administrative appeal.
Although the court's response to issue #1 is dispositive of the motion to dismiss, the court will, nevertheless, address this second issue since it has been raised by the plaintiffs. In the leading case of Loulis v. Parrott, 241 Conn. 180, 191, (1997), CT Page 12666 actual or constructive notice to the plaintiffs of the actions of the PZ is required in order to give them an opportunity to participate in administrative remedies. "It is also beyond dispute, however, that `[t]he right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue.'" . . . "Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." . . . "For this reason alone, the plaintiffs cannot be deemed to have failed to exhaust the administrative appellate process by which that issuance might have been challenged. The legislature could not possibly have intended that the plaintiffs be required to exhaust an administrative process of which they neither had notice not even had any right to notice." Under the facts of this particular case, the notice in the Glastonbury Citizen was inadequate. Since any person in the State of Connecticut has a right to intervene in any administrative proceeding under the Connecticut Environmental Protection Act, the notice must be sufficient to give any person notification of the subdivision application and decision. One of the plaintiffs in this action is based in New Haven and another is based in Tolland. The Glastonbury Citizen
advertisement, which admittedly is the only notice required under the zoning regulations and statutes, was not sufficient to put those plaintiffs on constructive notice. How this can be remedied by legislation is beyond the consideration of this court. However, this court does find that there was a lack of constructive notice to the plaintiffs in this action of the administrative proceedings before the PZ.
As for actual notice, the only way the plaintiffs could receive actual notice is by direct mail, and the PZ not knowing that these plaintiffs were interested in this application, had no reason to so notify them. Again, this actual notice requirement is something with which the legislature has to deal, but at this time, this court finds that there is no procedure, regulation or action designed to give actual notice to the plaintiffs. Any actual notice they may have had was purely by chance.
However, the defendants claimed, at the oral argument, that the plaintiffs had actual notice of the hearing before the PZ. The defendants point to two statements in the briefs of the plaintiffs in the companion matter with the same parties under CT Page 12667 Docket No. CV98-0579967S. In plaintiffs' memorandum in support of their motion for continuance dated June 30, 1998, the plaintiffs do say, inter-alia: "Further, is the claim of the Plaintiffs that the recommendations of DEP that building be limited to the dormant period of the Timber Rattlesnake in order to minimize harm to the species, was removed as a requirement to approval only minutes before the vote of the Commission granting approval, thus necessity for intervention by the plaintiffs during the initial proceedings was not apparent until after the vote by the Commission." Page 6. In plaintiffs' petition for certification, dated July 24, 1998, the plaintiffs claimed: "On the facts of this case, Plaintiffs reasonably anticipated that the Commission would impose conditions necessary to avoid unreasonable destruction of rattlesnake habitat until the conclusion of the administrative hearing, and had no reason to intervene sooner than they did." Page 8.
Defendants claim that these are judicial admissions, admitting that the plaintiffs had actual notice of the hearing before the PZ. The question is when they received the notice. Was it too late to do anything effectively? These are factual issues which the court must determine before deciding whether the plaintiffs received actual notice. It would appear that the actual notice they may have had was purely by chance. However, evidence would have to be presented on this subject.
In view of the court's ruling that the statutes are separate and provide separate actions independent of each other and that, therefore, the plaintiffs did not have to exhaust their administrative remedies, this issue of notice is not dispositive of the motion to dismiss. However, if any party desires that the issue of actual notice be decided by this court, such a party or parties should request an evidentiary hearing to be scheduled.
For all of the foregoing reasons and conclusions, including, but not limited to, the conclusion that the statutes, §§22a-16 and 22a-19 are independent of each other and that the plaintiffs may bring a separate action under §§ 27a-16,22a-17 and 27a-18 without having exhausted their administrative remedies, the motion to dismiss is denied.
Rittenband, J.